605 A.2d 1275

**Edward G. HOLTEEN, Appellant,**

v.

**Martha M. HOLTEEN, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1991.

Filed April 22, 1992.

Colin M. Hannings, Spring House, for appellant.

Robert C. Gerhard, Jr., Glenside, for appellee.

Before ROWLEY, President Judge, and WIEAND and JOHNSON, JJ.

WIEAND, Judge.

This appeal is from an order summarily denying a petition to open a final decree in divorce. Finding no error in the trial court's order, we affirm.

Edward G. Holteen and Martha M. Holteen were divorced on December 20, 1989. The divorce decree incorporated the terms of a property settlement agreement entered by the parties.

One of the items to be distributed between the parties was the marital residence. Wife offered an appraisal estimating the value of the residence to be $150,000. Husband offered appraisals of $162,500 and $117,500. Pursuant to

the property settlement agreement, husband agreed to convey the home to the wife. On April 4, 1990, six months after entry of the court's decree, wife sold the marital residence for $300,000. Husband learned of the sale on June 6, 1990; and on June 25, 1990, he filed a petition to open the decree on grounds that his agreement to convey the home to the wife was based on a mutual mistake of fact. Wife filed a petition for summary judgment, which the court granted. Husband appealed.

■ Section 602 of the Divorce Code of 1980, which was in effect when appellant's petition was filed,[1] provided as follows:

A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or because of a fatal defect apparent upon the face of the record, must be made within five years after entry of the final decree. Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

In the instant case, it is clear that the appellant-husband is not claiming extrinsic fraud. He contends only that a mistake was made regarding the value of the marital residence. A motion to open a decree of divorce for such a reason must be made "within thirty days after entry of the decree and not thereafter." See: *Ratarsky v. Ratarsky,* 383 Pa.Super. 445, 450, 557 A.2d 23, 25 (1989), *aff'd,* 525 Pa. 497, 581 A.2d 1377 (1990). The motion in the instant case

1. A similar provision now appears in the Consolidated Statutes at 23 Pa.C.S. § 3332.

was made more than six (6) months after entry of the final decree in divorce. This was too late.

■ Substantively appellant's motion is also lacking in merit. His averment that a mistake was made in evaluating the marital home does not present an adequate reason for opening the divorce decree. Such a mistake is not equivalent to new evidence that will sustain an attack on the validity of the decree. Any other rule would permit repeated assaults on divorce decrees whenever a party believed a marital asset had been improperly valued. As the trial court observed, the parties "entered into an equitable agreement with the advice of counsel [and] that it did not predict every eventuality is no basis for modification."

■ The trial court did not allow a request for counsel fees made by the wife-appellee; and in her appellate brief she questions this aspect of the court's order. Because she did not file a separate appeal, however, she may not challenge the trial court's failure to award counsel fees in this appeal by husband. See: *Royal–Globe Ins. Cos. v. Hauck Mfg. Co.*, 233 Pa.Super. 248, 253, 335 A.2d 460, 462–463 (1975).

Order affirmed.