**Emily W. HASSICK, Appellee,**

v.

**John R. HASSICK, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1997.

Filed June 12, 1997.

David Backenstoe, Bethlehem, for appellant.

Gerald Roth, Allentown, for appellee.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

POPOVICH, Judge:

The defendant/appellant (John R. Hassick) appeals the order of the Court of Common Pleas of Lehigh County awarding the plaintiff/appellee (Emily W. Hassick) a share of his pension. We reverse.

The record discloses that the parties divorced in 1981. Economic issues were addressed by a Property Settlement Agreement drafted that same year. When the Agreement was written, however, neither party was aware that the appellant had a vested monthly pension in Local 8 of the Bricklayers Union—a benefit ($83.48) he will be eligible to receive at age 65.[1]

On July 7, 1995, the appellee filed a Petition for Special Relief alleging that, when the 1981 Agreement was executed, the appellant "wrongfully, intentionally and maliciously" engaged in a course of conduct designed to "defeat [her] claims for equitable distribution of [his pension] property." To rectify the alleged "fraud", the appellee sought a preliminary injunction, an accounting and a hearing to assess her entitlement to share in the pension. Hearings were held on October 30 and November 27 of 1995, after which the court granted the appellee 50% of the pension. Until the asset reached pay status, the court imposed a constructive trust. This timely appeal followed and raises two issues for our consideration, the first of which reads:

DOES 23 PA.C.S.A. SECTION 3332[,] WHICH PROVIDES FOR A FIVE YEAR STATUTE OF LIMITATIONS UPON WHICH ACTIONS BASED ON FRAUD MAY BE FILED TO OPEN OR VACATE A DIVORCE DECREE[,] BAR APPELLEE'S PETITION FOR SPECIAL RELIEF ... FILED FOURTEEN (14) YEARS AFTER ENTRY OF A DIVORCE DECREE?

There is no argument that 23 Pa.C.S.A. § 3332 provides a statute of limitations restricting the opening or vacating of a divorce decree: Where intrinsic fraud or new evidence attacking the validity of a decree is alleged, a motion to open must be filed within 30 days after the entry of the decree; and, where extrinsic fraud is asserted as a basis to vacate, action must be initiated within 5 years of the entry of the final decree.

In the appellee's Petition for Special Relief, it was averred that the appellant intentionally concealed the existence of his pension to defraud the appellee of her right to marital assets.[2] Regardless of which fraud is

---

1. When the hearings on the appellee's Petition for Special Relief were held in 1995, the appellant was 62 years of age.

2. In *Ratarsky v. Ratarsky*, 383 Pa.Super. 445, 557 A.2d 23, 26 (1989), aff'd, 525 Pa. 497, 581 A.2d 1377 (1990), this Court recited the distinction between the two frauds; to-wit:

   By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping

of the defeated party away from court by false promise of compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation; and, where a party has had his day in

chosen to define the appellant's conduct, neither benefits the appellee since the time-lapse between the divorce decree and Petition for Special Relief spans 14 years. This is well beyond the statute of limitations set forth in Section 3332.

The appellee alleges the appellant "fraudulently" withheld pension information while the 1981 Agreement was being negotiated, allowing the divorce decree to be re-opened. The court found the appellant ignorant of the existence of the pension in 1981, which discounted the presence of fraud. Yet, the court read *Creeks v. Creeks*, 422 Pa.Super. 432, 619 A.2d 754 (1993), *Major v. Major*, 359 Pa.Super. 344, 518 A.2d 1267 (1986) and 23 Pa.C.S.A. § 3505 to avail the appellee the right to a constructive trust of 50% of the appellant's pension when it reached pay status. We disagree.

Section 3332 of the Divorce Code provides:

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S.A. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to hearing or presentation of one side of the case.

As amended, Act of December 19, 1990, P.L. 1240, No. 206, § 2, 23 Pa.C.S.A. § 3332.

■ At bar, fraud was alleged but proof was found wanting by the court. It appears that the parties were *mutually mistaken* re-

garding the existence of the pension, which allows a motion to open a decree of divorce to be filed "within thirty days after entry of the decree and not thereafter." *Holteen v. Holteen*, 413 Pa.Super. 591, 605 A.2d 1275, 1276 (1992), citing *Ratarsky v. Ratarsky*, 383 Pa.Super. 445, 557 A.2d 23, 25 (1989), aff'd, 525 Pa. 497, 581 A.2d 1377 (1990). The fact that the Petition was filed 14 years after the entry of the final decree renders it too late. Cf. *Wisecup v. Wisecup*, 190 Pa.Super. 384, 154 A.2d 332 (1959)(Appellant's efforts to vacate a divorce decree 16 years after its entry was denied where he possessed information to forestall entry of the decree but took no action; henceforth, relitigation was foreclosed).

■ While the appellant's ignorance was extrinsic or collateral to the divorce proceedings, it was not fraud. *Justice v. Justice*, 417 Pa.Super. 581, 612 A.2d 1354 (1992); *Wisecup*, supra. And, while a court possesses equitable powers in divorce proceedings, those powers do not allow the court to ignore the limited circumstances set forth in Section 3332 for vacating a final decree—intrinsic or extrinsic fraud, neither of which was proven to exist rendering fatal the appellee's request for relief. *Justice*, supra.

To the extent the court looked to *Major* and *Creeks* to open the divorce decree, reliance thereon was misplaced. In *Creeks*, the husband filed an Inventory and Appraisement prior to entering a Marital Settlement Agreement, the former of which did not list marital assets (bank account) and constituted a breach of the "disclosure clause" of the latter rendering the imposition of a constructive trust under the predecessor to 23 Pa. C.S.A. § 3505(d) inappropriate. Neither event existing here renders *Creeks* inapposite.

Likewise, in *Major* the appellant-wife sought to open a divorce decree 7 months after its entry for the husband's failure to disclose a marital asset (military pension) in

court and knows what the issues are, he must be prepared to meet and expose perjury then and there. Where the alleged perjury relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud

is intrinsic and is concluded by the judgment, unless there be a showing that the jurisdiction [sic] of the court has been imposed upon, or that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial. [Citations omitted]

previous court records. The fact that the appellant failed to assign fraud to the appellee's non-disclosure or file exceptions to the divorce decree did not preclude this Court from imposing a constructive trust on the military pension pursuant to the predecessor to Section 3505(d) of the Divorce Code.

■ In neither *Creeks* nor *Major,* however, was this Court confronted with an allegation of fraud or the passage of such an excessive period of time (14 years) between final decree and petition to open to allow the imposition of a constructive trust. Here, both litigants were represented by counsel during the negotiations preceding divorce. Nonetheless, no Inventory and Appraisement was filed by either party, nor was a "disclosure clause" made a part of the 1981 Agreement. It is imperative that counsel remember that "no matter how amiable property settlement negotiations are, they still are adversarial, and counsel has a duty to protect his client's best interests by fully investigating the extent of the marital assets." *Ratarsky,* supra, 383 Pa.Super. at 450–52, 557 A.2d at 26.

With the appellee's choice of fraud as the vehicle to drive her claim for relief throughout the proceedings, the avenue for relief leads to 23 Pa.C.S.A. § 3332 and its constraints of either 30 days (intrinsic fraud) or 5 years (extrinsic fraud) to open or vacate a decree. The expiration of 14 years prior to the appellee filing her Petition renders the relief (constructive trust) inappropriate. Also, the court's determination that appellant did not engage in fraud (either intrinsic or extrinsic) undermined her claim for relief. *Holteen,* supra; *Wisecup,* supra.

Furthermore, the parties' failure to submit an Inventory and Appraisement or include a disclosure clause in the 1981 Agreement undermines the appellee's reliance upon 23 Pa. C.S.A. § 3505, which reads:

(b) **Inventory of property.**—Both parties shall submit to the court an inventory and appraisement, which shall contain all of the following:

(1) A list of the property owned or possessed by either or both of them as of:

(i) the date of separation; and

(ii) thirty days prior to the date of hearing on equitable distribution.

(2) A list of the value of the property owned or possessed by either or both of them as of:

(i) the date of acquisition;

(ii) the date of separation; and

(iii) thirty days prior to the date of hearing on equitable distribution.

\*   \*   \*   \*   \*   \*

(d) **Constructive trust for undisclosed assets.**—If a party fails to disclose information required by subsection (b) and in consequence thereof an asset or assets with a fair market value of $500 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the assets are held shall be declared the constructive trustee, and the trust may include any terms and conditions the court may determine. The court shall grant the petition upon a finding of a failure to disclose the assets as required under subsection (b).

Act of December 19, 1990, P.L. 1240, No. 206, § 2.

Section 3505 allows for the raising of a constructive trust for a party's failure to disclose fully any marital asset over $500 in an Inventory and Appraisement. No such forms were been filed by the litigants, which renders the Section 3505 inapplicable.

Accordingly, with the appellee's failure to prove fraud within the time limits of Section 3332 or otherwise state a valid basis for vacating the divorce decree, the court's order shall be reversed.

Order reversed.[3]

OLSZEWSKI, J., files a concurring opinion.

---

**3.** The resolution of the first issue in the appellant's fair dispenses with the need to address the second issue proffered for our consideration.

OLSZEWSKI, Judge, concurring:

Because the majority's analysis so closely tracks my own thinking with respect to the issue presented, I agree without reservation in the ultimate disposition of this case. I write separately only to *emphasis* that, for two reasons, the constructive trust remedy provided in 23 Pa.C.S.A. § 3505(d) is wholly inapplicable to the established facts of the instant matter.

First, the trial court specifically found that, at the time of their divorce, the parties were mutually mistaken as to the existence of appellant's pension fund. Therefore, because § 3505 as a whole is intended to prevent the fraudulent and wrongful pre-distribution removal of marital assets, I do not believe that the section is implicated in cases of omissions due to ignorance. *See* 23 Pa.C.S.A. § 3505(a)(a court may order full disclosure of marital assets when it appears that a party to an anticipated divorce has removed or is attempting to remove such assets from the court's jurisdiction).

Next, even had the trial court held that appellant's non-disclosure was fraudulent, the constructive trust remedy would be lost to appellee in this matter. For, in order for an aggrieved spouse to petition the court to declare a constructive trust, it must first be established that the parties filed formal inventories with the court as a consequence of the other spouse's wrongful pre-distribution attempt to secret away marital assets. As the record establishes that § 3505 was not utilized by the parties prior to distribution of their marital assets, it cannot now be applied to their post-distribution disagreement.

Nonetheless, because the majority correctly holds that post-distribution allegations asserting mutual mistake of fact are not cognizable outside of the statutes of limitations provided in 23 Pa.C.S.A. § 3332, and that appellee's claim was brought outside of these periods, I agree that the Order of the trial court must be reversed.