**Janice E. EGAN, Appellant,**

v.

**William F. EGAN, Appellee.**

Superior Court of Pennsylvania.

Submitted June 12, 2000.

Filed Aug. 30, 2000.

Albert Momjian, Philadelphia, for appellant.

Gerald K. McOscar, West Chester, for appellee.

BEFORE: ORIE MELVIN, J., and CERCONE, President Judge Emeritus, and BECK, J.

CERCONE, President Judge Emeritus:

¶ 1 Appellant, Wife, appeals the Trial Court's denial of her petition to open the divorce decree entered between the parties. We affirm.

¶ 2 The parties were married in November of 1959 and separated in December of 1992. Wife filed a complaint in divorce on February 9, 1993 and raised issues of equitable distribution, alimony, counsel fees, costs and expenses. A hearing on the matter was held before Master Alita A. Rovito in May of 1999, and Master Rovito filed her report and recommendations on July 30, 1999. Wife filed timely exceptions on August 9, 1999. A divorce decree was entered on September 15, 1999. Wife's counsel petitioned to withdraw as counsel on October 19, 1999.[1] On November 10, 1999 Wife filed a petition to open the parties' divorce decree and to reinstate her exceptions. A hearing was held on the matter on December 29, 1999 before the Honorable James P. MacElree in the Court of Common Pleas of Chester County. Upon denial of her request, Wife filed her timely appeal on January 19, 2000. Thereafter, the Trial Court ordered Wife to file a statement of the matters complained of on appeal and she complied.

¶ 3 Wife raises one (1) issue for our review:

Did the trial court err as a matter of law or commit an abuse of discretion by refusing to open the Divorce Decree, which was never received by Appellant or her counsel, and by refusing to reinstate Appellant's Exceptions to the Master's Report and Recommendation which were apparently dismissed on account of the failure to order the Notes of Testimony of the Master's hearing.

Appellant's Brief at 4. Wife contends that she presented extraordinary circumstances to the Trial Court in support of her request to open the divorce decree and to reinstate her exceptions because neither she nor her counsel "received any notice regarding the entry of the divorce decree in this matter until October 25, 1999, forty days after the actual entry of the decree." Appellant's Brief at 9. Further, Wife submits that her exceptions "were dismissed as a result of the failure to order the Notes of Testimony of the hearing held before the Master on May 10, 1999, as required under Chester County Local Rules." *Id.*,

---

1. At the hearing on Wife's petition to open the divorce decree it was apparent that counsel's petition still was pending. At the close of the hearing the Trial Court kept the petition pending as Wife chose to remain with her present counsel at that time. N.T., 12/29/99, at 25.

at 10. She avers that she should not have to forgo her chance to pursue her exceptions due to a "procedural technicality." *Id.*

■ ¶ 4 Initially we recognize that the standard of review employed in these matters is well-settled. Our Court has stated that:

[a] proceeding to open a divorce decree is equitable in nature, and the appellate court will not reverse an order entered in such a proceeding unless there has been a clear abuse of discretion.

*Foley v. Foley,* 392 Pa.Super. 9, 572 A.2d 6, 9 (1990) *quoting Masciulli v. Masciulli,* 194 Pa.Super. 646, 169 A.2d 562 (1961). Also, it is imperative to note that the relevant statute regarding the opening of a divorce decree reads:

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders)[2] and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332 (footnote added). Thus this statute of limitations regarding the opening of a divorce decree provides that:

where intrinsic fraud or new evidence attacking the validity of a decree is alleged, a motion to open must be filed within 30 days after the entry of the decree; and where extrinsic fraud is asserted as a basis to vacate, action must be initiated within 5 years of the entry of the final decree.

*Hassick v. Hassick,* 695 A.2d 851, 852 (Pa.Super.1997). Moreover, this Court has held that since 42 Pa.C.S.A. § 5505 applies to divorce decrees that:

[a]fter the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of "extraordinary cause justifying intervention by the court."

*Stockton v. Stockton,* 698 A.2d 1334, 1337 (Pa.Super.1997) citing *Simpson v. Allstate Ins. Co.,* 350 Pa.Super. 239, 504 A.2d 335 (1986); *Orie v. Stone,* 411 Pa.Super. 481, 601 A.2d 1268 (1992). As *Stockton* succinctly stated:

it is clear that a trial court may not modify a divorce decree if more that thirty days has passed after the entry of the decree, in the absence of extrinsic fraud or other extraordinary causes.

*Id.*

■ ¶ 5 Wife does not allege any extrinsic fraud exists in this case but submits that her extraordinary cause supporting the opening of the decree is that she did not receive notice of the entry of the divorce decree until October 25, 1999, when one of her children informed her of the news. Thus, Wife argues that she could not allege a "timely" request to vacate the decree under § 5505. The certified record indicates that notice was sent to all attorneys of record, including Wife's counsel, on

**2.** 42 Pa.C.S.A. § 5505 reads:
Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the pri-

or termination of any term of court, if no appeal from such order has been taken or allowed.
*Id.*

September 15, 1999. *See* Docket Entry # 36. Although Wife complains that she did not receive this notice, we are cognizant that Wife did file exceptions to the Master's report and recommendation in August of 1999 and had done nothing to further pursue her claims of error. N.T., 12/29/99, at 11–12. *See also, State of the Art Medical Products, Inc., v. Aries Medical, Inc.*, 456 Pa.Super. 148, 689 A.2d 957, 960 (1997) *rev'd on other grounds and remanded* 550 Pa. 570, 707 A.2d 1140 (1998) ("it is the plaintiff's duty to move the case forward and to monitor the docket to reflect that movement."). Thus, Wife did not file her petition to open the divorce decree until sixteen (16) days after learning of it, fifty-six (56) days after its entry and nearly three (3) months after her last filing in the case. Moreover, Wife's allegation that her exceptions were dismissed for her failure to order the notes of testimony pursuant to the local rules does not further her claim of an extraordinary cause particularly since the Trial Court held that "the local rule was not relied upon in the instant case." Trial Court Opinion, dated 2/28/00, at 2 fn. 1. Thus, "while a court possesses equitable powers in divorce proceedings, those powers do not allow the court to ignore the limited circumstances set forth in Section 3332 for vacating a final decree." *Hassick, supra,* 695 A.2d at 853. Since Wife has failed to demonstrate that any of her claims regarding her lack of notice of the divorce decree's entry rise to the level of extrinsic fraud or other extraordinary cause to warrant her relief in this case, we are compelled to affirm.

¶ 6 Order affirmed.