**Kearns v. Kearns**

*Kathleen D. Dautrich,* for plaintiff.
*Peter David Maynard,* for defendant.

GRIM, *P.J.,* June 9, 2005—Plaintiff, Betty J. Kearns, appeals the order in the above captioned case dated April 7, 2005. This opinion is filed pursuant to Pa.R.C.P. 1925. The following are the pertinent facts and procedural history.

On May 18, 2004, the parties, having been represented by counsel, agreed in open court to amend their property settlement agreement (original agreement) filed on February 24, 2003. The original agreement was drafted by them without benefit of counsel and incorporated into

the divorce decree dated May 9, 2003. The agreement amended the original agreement in several ways. Defendant, Michael H. Kearns (Husband), no longer has to provide plaintiff, Betty J. Kearns (Wife), with either medical or prescription insurance. Under the original agreement, Husband paid Wife $200 per week in alimony. The amended agreement provides that Husband pays Wife alimony of $150 per week from May 18, 2004, until February 25, 2009. Alimony is $200 per week from February 25, 2009, until February 25, 2013, and $250 per week from February 25, 2013, until February 25, 2015. Under the amended agreement, Husband is to pay Wife $8,000 for her interest in jointly owned real estate in Susquehanna County. Husband was to apply for refinancing within 14 days of May 18, 2004, and the refinancing was to be completed within 90 days. The agreement was reduced to writing and signed as an order on May 26, 2004.

Wife subsequently filed a petition for contempt, counsel fees and costs, and for reconsideration and amendment of order of May 26, 2004. Husband filed an answer to Wife's petition and new matter. The new matter alleged that Husband applied for the refinancing on the Susquehanna County real property pursuant to the amended agreement. He was denied refinancing due to outstanding judgments against him. He contends that the judgments were entered without his knowledge and were for services and goods provided to Wife after the separation.

The parties reached an agreement regarding the issue of the processing of the alimony payments. The agreement, however, was silent regarding the issue of Husband's new matter.

Wife's petition for contempt of court and for special relief is the subject of the instant appeal. Wife contends that Husband has not paid her for her interest in the Susquehanna County real estate. Her count for special relief contends that Husband refuses to sign a revised amended agreement of May 18, 2004.

The following evidence was produced at the hearing.

The real property has a mortgage in the amount of $23,000. Husband attempted to refinance the mortgage at several places to obtain $8,000 to pay Wife for her interest in the property, but he was denied due to his credit history. He discovered that he had judgments against him for things that he had not known anything about. He asked Wife to pay one-half of the outstanding bills but she refused to do so.

Husband testified that he had worked the entire time during the marriage. Wife had paid the bills. She had never informed him about any unpaid bills.

After Husband had been denied refinancing, he investigated the judgments against him. The parties owe their former landlord $2,500 for unpaid rent. Wife stopped paying rent after the parties had decided to buy the residence. However, Wife then disagreed with the purchase price and refused to buy the house. The landlord sued for damages.

The parties owe a former utility company $444. Wife bought her first computer on a credit card and $1,700 is still owed on the card. The computer was an Acer computer. Comcast is owed $282. Husband testified that he never had Comcast cable, but the parties had had its predecessor, Berks Cable, during their marriage until they had gotten satellite service.

Wife testified that she has no idea what the debts are. However, she recognized that a judgment in favor of a doctor had been for Husband's medical treatment. She also stated that she had paid cash for the computer.

No agreements or prior orders address the marital debts of the parties.

Based on the above facts, the court entered the following order that Wife appeals:

"ORDER

"And now, April 7, 2005, after consideration of plaintiff's petition for contempt of court and for special relief, hearing, and argument of counsel, it is hereby ordered as follows:

"(1) Plaintiff, Betty J. Kearns, is obligated for the payment of one-half of the following joint marital debts as follows:

| | |
|---|---|
| "(a) Rent due to landlord, Ada Mazess ($2,522—total) | $1,261 |
| "(b) Inovision NCOP ($444—total) | 222 |
| "(c) Comcast ($282—total) | 141 |
| "Total | $1,624 |

"(2) Plaintiff is obligated for the payment of her computer in the amount of $1,749.

"(3) Within 90 days from the receipt of this order, defendant, Michael H. Kearns, shall pay to plaintiff the sum of $4,627 ($8,000-$3,373) for her interest in the parties' jointly owned real estate in Susquehanna County. After 90 days, interest on the unpaid amount shall accrue at 8 percent per annum.

"(4) Upon receipt of the $4,627, plaintiff shall execute and deliver to defendant any and all documents necessary to convey her interest in the real estate located in Susquehanna County.

"By the court:"

The court shall now address the issues raised in Wife's concise statement of matters complained of on appeal.

Wife first contends that the court exceeded its authority by not acting on her petition for contempt. This contention is meritless. The court addressed her petition; Wife is unhappy with the result.

Wife submits that it was an error of law and abuse of discretion for the court to take evidence from Husband that was hearsay evidence from a credit report that was not properly authenticated and which she disputed. This contention is without merit.

Wife raised several objections during the proceeding but none were to hearsay or authentication of the credit report. Thus, the evidence could be considered by the court.

Wife did not dispute the report. She disputed the reasons for the judgments. She claimed that she had no knowledge of the judgments or the reasons for them. It is within the trial court's sole province to weigh the evidence presented and assess the credibility of the witnesses. *Palladino v. Palladino,* 713 A.2d 676 (Pa. Super. 1998). The court found Wife's testimony implausible. It was uncontroverted that Wife handled the parties' finances during their marriage. The judgments constituted marital debt. Wife had to have known about them because she had handled the parties' finances and paid their bills.

Thus, she was in a much better position to know about the outstanding judgments. The court found Husband's testimony credible that he had possessed no knowledge of the judgments until he had attempted to refinance.

Wife asserts in several complaints that the court exceeded its authority by changing the amended agreement sua sponte. These complaints are meritless.

Husband had filed an answer with new matter to Wife's earlier petition for contempt. Although the parties came to an agreement, Husband's new matter was not resolved. Husband again raised it in the instant proceeding. Husband submitted that he had applied for refinancing pursuant to the amended agreement, but he had been denied it due to outstanding judgments against him that had been entered without his knowledge and that were for services and goods that had been provided to Wife. He contended that he was not in contempt of the agreement.

Husband believed that he could refinance and, after paying Wife $8,000 for her share of the real property, he would have no further obligations. Instead, he discovered that outstanding judgments exist against him. He did not get the deal for which he bargained. He requested that Wife be liable for a share of the marital debt. Thus, he asked the court to employ its equitable powers.

23 Pa.C.S. §3332 governs the opening or vacating of decrees and reads as follows:

*"Section 3332. Opening or vacating decrees*

"A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. §5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the de-

cree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case."

Extrinsic fraud includes fraudulently keeping a party in ignorance of an action. *Hassick v. Hassick,* 695 A.2d 851 (Pa. Super. 1997). Husband knew nothing about the judgments against him. Thus, extrinsic fraud was practiced on him. The decree may be opened because it is less than five years after its entry.

If Wife were not to be held liable for some of the marital debt that she alone knew about and was at least partially responsible for incurring, an inequitable result would occur. By dividing the debt, the court ensured that each party received a fair result.

Lastly, Wife contends that it is an error and abuse of discretion to not have any consequences for Husband for the payment of the marital debt. This argument is vague and fails.

If Wife means that she has no recourse if Husband fails to pay her for her share of the real estate, then she is incorrect. Interest will accrue on the unpaid debt. She, too, may file a contempt petition if he does not obey the order. Thus, Wife has remedies available to her.

If, however, Wife means that the court has not ordered Husband to pay his share of the marital debt immediately, then her complaint is frivolous. Husband already is responsible for the debt because he has the judgments against him. Hence, if he does not pay his share of the debts, the consequences already exist. As he has discovered, he is unable to obtain refinancing. Thus, he too is liable for the marital debt.

For the foregoing reasons, the court submits that its order is not an abuse of discretion and should be sustained.