J-A01019-14

2014 PA Super 161

| | |
|---|---|
| DEBORAH L. KOZEL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID F. KOZEL | |
| Appellant | No. 461 WDA 2013 |

Appeal from the Order Entered February 12, 2013
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD 98-00761-004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

OPINION BY LAZARUS, J.                                **FILED JULY 29, 2014**

David F. Kozel (Husband) appeals from the order of the Court of Common Pleas of Allegheny County denying his motion for summary judgment, which permitted Deborah L. Kozel (Wife) to go forward with her petition for special relief seeking imposition of a constructive trust.  After careful review, we affirm.

The trial court summarized the underlying facts and procedural history of the case as follows:

> The parties were married on July 30, 1994, separated on September 9, 1998 and were divorced by final decree on April 4, 2002.  Master Gary Gilman held a nine-day hearing on the issues of equitable distribution, alimony, counsel fees and contempt in late 2004 and early 2005.  Master Gilman issued Findings of Fact Regarding Equitable Distribution, Alimony, Counsel Fees and Contempt on May 2, 2005 ("Findings").  Wife's exceptions and Husband's cross-exceptions were dismissed and Husband's exceptions were granted in part.  Wife then appealed and Husband cross-appealed to the Pennsylvania Superior Court.

The Superior Court affirmed the court's ruling on November 15, 2007.

On November 16, 2012, Wife presented a Petition asserting section 3505(d) of the Divorce Code, 23 Pa.C.S. § 3505(d), which requires that if, "a party fails to disclose information required by general rule of the Supreme Court and in consequence thereof an asset or assets with a fair market value of $1,000 or more is omitted from the final distribution of property . . . [t]he Court shall grant the petition [for imposition of a constructive trust] upon a finding of a failure to disclose the assets as required by general rule of the Supreme Court." Wife's Petition claims that Husband failed to disclose his legal or equitable ownership in certain assets, and the Husband's alleged non-disclosures necessitate the imposition of a constructive trust as to the following assets:

   a. Falcon Partners;

   b. Gulf Keystone Petroleum Ltd., GPK, LLC, Gulf Keystone, and related entities;

   c. Other gas interests/wells and partnerships; and

   d. Other assets of which Wife has at this time no knowledge, but as to which she will conduct discovery in this matter. *See* Wife's Petition paragraph 8.

Husband filed a Motion for Summary Judgment, dated December 7, 2012, claiming that Wife's action is barred by the statute of limitations of Section 3332 of the Divorce Code, 23 Pa.C.S. § 3332, Opening or Vacating Decrees, which requires that any action claiming intrinsic fraud be filed within 30 days of the divorce decree and any action claiming extrinsic fraud be filed within 5 years of the final decree.

Trial Court Opinion, 5/13/13, at 1-2. [1]

_____

[1] On December 21, 2012, Husband filed an answer and new matter to Wife's petition for special relief raising substantially the same issues that he raised in his motion for summary judgment.

The trial court denied Husband's motion for summary judgment by order dated February 12, 2013. Shortly thereafter, Husband filed a motion to amend the order to state that it involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the matter. *See* 42 Pa.C.S. § 702(b)(1). The court issued an order to this effect on March 13, 2013. Husband filed a timely notice of appeal on March 14, 2013, and by order dated April 25, 2013, this Court granted Husband's petition for permission to appeal.[2]

Husband raises the following issues for our review:

1. Whether an action brought under the constructive trust provision of the Divorce Code, 23 Pa.C.S. § 3505(d), seven years after the final equitable distribution order, based solely on allegations of fraud, is barred by the statute of limitations provision of the Divorce Code, 23 Pa.C.S. § 3332, related to fraud claims.

2. Whether the trial court erred in not granting Husband's motion for summary judgment where there was no genuine issue of material fact that Husband's interest in Falcon Partners was fully disclosed in discovery and included in the order of equitable distribution.

3. Whether the trial court erred in not granting Husband's motion for summary judgment where there was no genuine

---

[2] The order, docketed at 28 WDM 2013, provided:

Upon consideration of the Petition for Permission to Appeal, the petition is hereby GRANTED. The matter shall proceed before this Court at docket number 461 WDA 2013 as an appeal from the order dated February 12, 2013.

issue of material fact that Gulf Keystone Petroleum, Ltd., or GPK, LLC, did not exist at the time of the marriage.

4. Whether the trial court erred in not granting Husband's motion for summary judgment where there was no genuine issue of material fact that Husband's interest in numerous gas well interests and partnerships was fully disclosed in discovery and included in the order of equitable distribution.

5. Whether the trial court erred in not granting Husband's motion for summary judgment where Wife failed to state a cause of action for imposition of a constructive trust on "other assets [of Husband] of which Wife has no knowledge[.]"

Brief of Appellant, at 6-7.

Wife filed her petition for special relief based on section 3505 of the Divorce Code, which provides in relevant part:

§ 3505.    Disposition of property to defeat obligations

(d)    Constructive trusts for undisclosed assets. – If a party fails to disclose information required by general rule of the Supreme Court and in consequence thereof an asset or assets with a fair market value of $1,000 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any.  The party in whose name the assets are held shall be declared the constructive trustee unless the court designates a different trustee, and the trust may include any terms and conditions the court may determine. The court shall grant the petition upon a finding of a failure to disclose the assets as required by general rule of the Supreme Court.

23 Pa.C.S. § 3505(d).

Wife asserts that her allegations of Husband's failure to disclose his ownership of certain property brings her petition for constructive trust within section 3505, which provides for the filing of such petition "at any time."

Husband disagrees, and argues that the relief Wife seeks is controlled by section 3322 of the Divorce Code, which provides:

> § 3322.  Opening or vacating decrees
>
> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5502 (relating to modification of orders) and not thereafter.  The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity.  A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after the entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S. § 3322.

Initially, we note that Wife does not seek to vacate the divorce decree, which is the relief provided under section 3322.  Rather, she seeks a constructive trust, which is the relief provided under section 3505.  ***Major v. Major***, 518 A.2d 1267 (Pa. Super. 1986), supports the proposition that section 3505 is an alternative and distinct cause of action to section 3332. In ***Major***, wife sought relief under the predecessor to section 3322,[3] seeking to reopen equitable distribution because husband had failed to mention his

---

[3] 1980, April 2, P.L. 63, No. 26 § 602 (23 P.S. § 602).

pension benefits "in previous court records."[4] *Id.* at 1269. This Court held that wife was not entitled to relief under the predecessor to section 3332 "because: 1) she did not petition for reopening within 30 days; 2) she has not argued that fraud was perpetrated; [and] 3) she presents no new evidence relating to the cause of action." *Id.* at 1272. Nevertheless, this Court held that the appropriate remedy was a constructive trust under the predecessor to section 3505.[5] We noted that "[t]his remedy cannot be waived by a failure to file exceptions; it becomes available 'at any time' a court of competent jurisdiction is presented with facts warranting its imposition." *Id.* at 1274.

Importantly, the facts warranting imposition of a constructive trust "do not include a requirement that the failure to disclose an asset be a deliberate or intentional effort to avoid subjecting funds to the equitable distribution process." *Creeks v. Creeks*, 619 A.2d 754, 757 (Pa. Super. 1993). The intent of the party who fails to disclose the assets is of no moment. *Id.*

Husband relies on *Hassick v. Hassick*, 695 A.2d 851 (Pa. Super. 1997), in support of his position that even if Wife's allegations are true, she is not entitled to relief. We disagree because significant distinctions exist

_____

[4] *Major* involved a bifurcated divorce. The divorce decree was entered on December 2, 1982. The equitable distribution order was entered on March 29, 1983, and wife sought to reopen equitable distribution on October 17, 1983.
[5] 1980, April 2, P.L. 63, No. 26 § 403 (23 P.S. § 403).

between the instant matter and *Hassick*, where, fourteen years after the parties executed a property settlement agreement, wife filed a petition for special relief alleging that her husband fraudulently concealed a pension. After holding hearings, the trial court "discounted the presence of fraud," *id*. at 853, but relied on *Major*, *Creeks*, and section 3505 to grant wife a fifty percent interest in the pension, and imposed a constructive trust until the pension reached pay status. On appeal, this Court reversed, in part because *Majors* and *Creeks* did not involve allegations of fraud, and in part because an excessive period of time had passed between the final decree and the petition for relief. The Court further noted that relief was only available under section 3505(d) if a party had failed to disclose information regarding the identity and value of property owned in an "inventory and appraisment," as was then required by section 3505(b). Because neither party in *Hassick* filed an "inventory and appraisment," no relief could be granted in the form of a constructive trust.[6] In summary, *Hassick* is not a section 3505(d) case, and accordingly, it cannot serve as a basis for denying Wife the opportunity to seek relief under section 3505(d).

Husband further argues that sections 3505 and 3323 should be read *in pari materia*, pursuant to section 1932 of the Statutory Construction Act, 1

---

[6] The inventory and appraisment formerly required under 23 Pa.C.S. § 3505(b) has been suspended and is now governed by Pa.R.C.P. 1920.33, which provides for filing of an inventory of all assets and a pre-trial statement containing a valuation of those assets.

Pa.C.S. § 1932. However, our Supreme Court has noted that like "all other rules of statutory construction, the necessity of applying the rule as to the construction of statutes *in pari materia* exists only where the terms of the statute to be construed are ambiguous." **Oliver v. City of Pittsburgh**, 11 A.3d 960, 965 (Pa. 2010) (citing AM.JUR.2D *Statutes* § 103). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(c). Here, the language of section 3505 is unambiguous. When a party fails to disclose information required by a general rule of the Supreme Court, such as the Rules of Civil Procedure governing identification and valuation of assets, and as a result of the nondisclosure an asset with a fair market value of $1000 or more is omitted from the final distribution, the aggrieved party may, "*at any time* petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets." 23 Pa.C.S. § 3505(d) (emphasis added). Accordingly, the plain language of section 3505(d) compels us to reject Husband's position that it must be read *in pari materia* with section 3332. **Oliver, supra**.

Having concluded that Wife properly sought relief under section 3505(d), we consider Husband's claim that the trial court erred in denying his motion for summary judgment.

Our standard of review of an order granting or denying a motion for summary judgment is well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

Pa.R.C.P. 1035.2 governing motions for summary judgment provides:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1)    whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report; or

(2)    if after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

Here, the trial court determined there are genuine issues of material fact that require discovery, and therefore it denied Husband's motion for summary judgment.

With respect to the existence of disputed material facts regarding Husband's disclosure of his interest in Falcon Partners, we rely on the trial court, which noted:

The Master found that Husband transferred his interest in 1998 to his brothers for no consideration. *See* Master's Report and Recommendations, p. 10, footnote 3. The Master found that Husband and [his brother] Todd Kozel took part in "divorce planning," and attributed to this asset Forty-Six Thousand Eight Hundred Eight Dollars ($46,808) based on the assertion by Husband that he did not have current or ongoing interest in the asset. *See* [*Id.*], paragraphs 79-85, pp. 23-24. Wife claims that shortly after the entry of the final Trial Court order of September 27, 2005 disposing of the Exceptions and Cross-Exceptions . . . Todd Kozel reconveyed Husband's same interest in Falcon to an entity called Pioneer I Associates Trust, a trust of which Husband is the beneficiary. *See* Wife's Petition, paragraph 17. Wife asserts that the "divorce planning" included a Phase II by which Todd would hold the asset for Husband's benefit until Husband's divorce litigation was concluded. This would provide Husband all of the rights and benefits of actual ownership in the interim, and Todd would then convey Falcon to Husband as soon as his divorce was concluded. *See* Wife's Petition. This Court acted within its discretion in determining that an issue of genuine material fact exists with regard to both Falcon Partners' value and any divorce planning. These are issues for discovery in accordance with the standard for summary judgment set forth in Pa.R.C.P. 1032.2.

Trial Court Opinion, 5/13/13, at 9-10.

In her petition, Wife avers that prior to separation on September 9, 1998, and afterward, Husband had a legal and/or equitable ownership interest in Gulf Keystone and related entities that he failed to disclose. *See* Wife's Petition, ¶ 23. In support of this claim, she attaches to her petition a signed declaration by Husband's brother, Robert Kozel, in which he states that Gulf Keystone was established in approximately 1997. However,

Husband asserts that he could not have had such an interest because Gulf Keystone did not exist until January 2000. *See* Motion for Summary Judgment, at paragraph 44. Even assuming this to be true, Husband obtained his interest five years prior to the parties' equitable distribution trial, and therefore had an affirmative duty to disclose this interest. *See* Pa.R.C.P. 1920.33. Accordingly, the trial court did not err or abuse its discretion in finding there were genuine issues of material fact that need to be determined through additional discovery.

Wife also sought relief on the basis that Husband may have owned more gas wells and related interests than he disclosed in his inventory, marital asset summary and pretrial statement. *See* Wife's Petition, ¶¶ 36-40. She based her claim on averments in a lawsuit for specific performance filed against Husband's brother Todd and his wife. In the complaint, the unrelated plaintiffs aver that on April 1, 2004, Husband and his brothers agreed to sell approximately 592 natural gas wells. *Id.* Based on this information, Wife has established a genuine issue of material fact as to when Husband acquired his interest in these assets. Furthermore, even if the sale of these assets was completed on April 1, 2004, it occurred before the equitable distribution hearing and thus should have been disclosed pursuant to Pa.R.C.P. 1920.33, a "general rule of the Supreme Court" under Section 3505(d). Accordingly, the trial court did not err or abuse its discretion in denying summary judgment based on Husband's assertion that he disclosed all his interests in natural gas wells.

Husband's final claim is that the trial court abused its discretion by not granting his motion for summary judgment where Wife failed to state a cause of action for a constructive trust on assets not otherwise specified. If Wife had simply sought a constructive trust on unspecified assets, we might have been persuaded by Husband's contention that Wife was on a "fishing expedition." Appellant's Brief, at 33. However, in light of the specificity of Wife's other allegations regarding failure to disclose assets, and the Master's finding that Husband engaged in divorce planning, the trial court did not err as a matter of law or abuse its discretion in denying summary judgment, thus allowing the parties to engage in discovery.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/29/2014