J-S71035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COLIN JONES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACQUILLINE JONES | |
| Appellant | No. 800 WDA 2015 |

Appeal from the Order March 24, 2015
In the Court of Common Pleas of Potter County
Civil Division at No(s): 2008-6051

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 30, 2015**

Jacquilline Jones ("Wife") appeals the order entered on March 24, 2015, in the Potter County Court of Common Pleas, denying her motion to set aside her divorce decree from Colin Jones ("Husband"), entered on March 5, 2009.  On appeal, Wife argues the trial court erred in failing to find the divorce was fraudulently obtained, because Husband, acting as her agent under a power of attorney, signed her name to various documents purportedly without her knowledge.  In response, Husband contends the appeal is frivolous and vexatious, and requests counsel fees pursuant to Pa.R.A.P. 2744.  For the reasons below, we affirm the order of the trial court and deny Husband's request for counsel fees.

The relevant facts and procedural history underlying this appeal are aptly summarized by the trial court as follows:

1. [The parties were married in October of 1990, and lived in Brooklyn, New York until 2005. While they were living in New York, Wife executed a Power of Attorney in favor of Husband. In November of 2005, Wife moved to North Carolina to set up a residency for the parties' children, who followed her in July of 2006, while Husband remained in New York for work.] On November 21, 2008 [Husband] filed a Complaint in Divorce in Potter County, Pennsylvania. [Husband's] Change of Address tax form dated June 22, 2009 indicates that he lived in Pennsylvania for some time prior to returning to New York. [He testified that he moved to Pennsylvania in late April 2008, and remained there until January of 2009.]

2. On February 27, 2009, an Acceptance of Service and [Wife's] Waiver of Notice of Intention to Request Entry of a Divorce Decree were filed. Such documents appeared to have been signed by [Wife]. [Husband] testified at the hearing that he had actually signed the document[s] as he believed it was permissible for him to do so as [Wife's] agent under a power of attorney. [Husband] testified further that [Wife] gave him permission to execute the document for her.

3. On March 5, 2009, following the filing of a Praecipe to Transmit the Record, the parties['] Divorce Decree was entered.

4. On December 22, 2014, over five years and 9 months after the Divorce Decree was entered, [Wife] filed a Complaint to Set Aside the Divorce on Jurisdictional Issues.[1]

5. On February 6, 2015, prior to argument, [Husband] filed Preliminary Objections to [Wife's] Complaint based on untimeliness under 23 Pa.C.S. § 3332. Subsequently, on the same day, argument was held on [Husband's] Preliminary Objections and [Wife's] Complaint.

6. [Wife] claims that she had no knowledge of the Divorce Decree having been issued until November of 2012 when mutual friends advised her of the Divorce.

_____

[1] While [Wife] designated her filing as a Complaint[,] the Court … treat[ed] the filing as a Motion to Vacate as it requests that the Court vacate the parties['] Divorce Decree. As such, 23 Pa.C.S. § 3332 is applicable to [Wife's] Complaint.

Trial Court Opinion, 3/24/2015, at 1-2 (record citations omitted).

On March 24, 2015, the trial court entered an order denying Wife's motion to vacate the divorce decree. This timely appeal follows.[1]

On appeal, Wife argues the trial court erred in failing to vacate her divorce decree because it was fraudulently obtained. She contends Husband had no authority to sign her name to any divorce filings, particularly the Waiver of Notice of Entry of a Decree, because the power of attorney was invalid "the moment the divorce [complaint] was filed." Wife's Brief at 7. *See* 20 Pa.C.S. § 5605(c). Further, Wife notes that, even if, as Husband alleges, she consented to his use of the Power of Attorney to sign her name, neither the Power of Attorney Act,[2] nor the Domestic Relations Code,[3] allow "for an oral consent to the violation of the Power of Attorney[.]" Wife's Brief at 8. Wife also argues the affidavits in this case, which were signed by Husband, violated Potter County Local Rule of Court 20, which requires all affidavits be notarized. *Id.* at 9. Lastly, although Wife recognizes there is a five-year limitations period to challenge a divorce decree that was

_____

[1] On April 23, 2015, the trial court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Wife complied with the court's directive, and filed a concise statement on May 12, 2015.

[2] 20 Pa.C.S. §§ 5601-5612.

[3] 23 Pa.C.S. § 101, *et seq*.

fraudulently obtained, she asserts she did not know the parties' "divorce was filed" until 2012. Wife's Brief at 5. She claims:

> She was divorced; all her issues were litigated, and she had no remedies because all of this was done within five years when she found out, but five years after the decree was entered.

*Id.* at 9. Therefore, Wife maintains the trial court erred when it declined to vacate the divorce decree.

When reviewing a trial court's order denying a motion to vacate a divorce decree,

> [o]ur standard of review … requires us to determine whether an abuse of discretion has been committed. A motion requesting that a divorce decree be opened or vacated lies when the motion alleges the decree suffers from a fatal defect apparent upon the face of the record, was procured by either intrinsic or extrinsic fraud, should be voided in light of newly discovered evidence, or was entered by a court without subject matter jurisdiction.

*Danz v. Danz*, 947 A.2d 750, 752-753 (Pa. Super. 2008) (citations omitted).

Here, the trial court concluded it had no authority to vacate the divorce decree because Wife's petition was not "timely filed." Trial Court Opinion, 3/24/2015, at 3. We agree.

A party who wishes to challenge the entry of a divorce decree must do so within the time period set forth in the Domestic Relations Code, 23 Pa.C.S. § 101 *et seq*. *Hassick v. Hassick*, 695 A.2d 851, 852 (Pa. Super. 1997). Section 3322 provides:

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie

- 4 -

where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S. § 3332. Accordingly,

[w]here intrinsic fraud or new evidence attacking the validity of a decree is alleged, a motion to open must be filed within 30 days after the entry of the decree; and, where extrinsic fraud is asserted as a basis to vacate, action must be initiated within 5 years of the entry of the final decree.

*Hassick*, *supra*, 695 A.2d at 852.

In the present case, Wife sought to vacate the divorce decree **more than five years** after the decree was entered. Therefore, regardless of the merits of her argument,[4] her challenge to the divorce decree is now time-barred.

_____

[4] Pursuant to the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 101 *et seq.*, a power of attorney designated to a spouse is revoked when either party files an action in divorce. 20 Pa.C.S. § 5605(c). Therefore, it would appear that Husband had no authority under the power of attorney to sign Wife's name to the Waiver of Notice form. Husband contends, however, that because the power of attorney was created in New York, the law of that state applies, and pursuant to New York's General Obligations Law, "[a]n agent's authority terminates when … the agent's marriage to the principal is terminated by divorce[.]" N.Y. Gen. Oblig. Law § 5-1511(2)(c). Accordingly, he asserts that under New York law, the power of attorney was
*(Footnote Continued Next Page)*

Moreover, as the trial court explained in its opinion:

The statute offers no exception which allows a party to challenge their divorce decree more than five years after it was entered. The Court is unaware of any case law which indicates that the "know or should have known" standard argued by [Wife] or any other exception applies to the time bar of section 3332. The Court is sympathetic to [Wife's] argument and claims that she never authorized the execution of the divorce documents. However, lacking authority to vacate the Decree, the Court can only conclude that [Wife's] Complaint to Set Aside the Divorce on Jurisdictional Issues was not timely filed and must be denied pursuant to section 3332.

Trial Court Opinion, 3/24/2015, at 3.

Wife also asserts the fact that she had no notice of the entry of the divorce decree until 2012 tolls the limitations period. *See* Wife's Brief at 9 (stating she filed the motion to set aside the decree "within five years of when she first found out she was divorced"). While she does not explicitly identify it in her argument, Wife implies that the application of the "discovery rule" is appropriate under these circumstance. The discovery rule permits a party, in limited circumstances, to circumvent certain statutory time periods.[5] However, Wife makes no specific reference to the discovery

*(Footnote Continued)* _____

valid until the divorce decree was entered. Because we find Wife's challenge is time-barred, we need not determine which state's law controls.

[5] *See Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005) ("As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause.").

- 6 -

rule, provides no statutory or case law applying discovery rule principles to the entry of a divorce decree, and neglects to present any argument that the discovery rule should apply to the facts herein. Therefore, any claim that the statute of limitations period was tolled is now waived. *See Chapman-Rolle v. Rolle*, 893 A.2d 770, 774 (Pa. Super. 2006) ("It is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal.") (quotation omitted).

Furthermore, we note Wife's claim seems to invoke the doctrine of fraudulent concealment set forth at 42 Pa.C.S. § 5532(c). "The doctrine is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *See Fine*, *supra*, 870 A.2d at 860. However, Section 5532(c), by its very terms, applies only in "a civil action or proceeding against the trustee of an express or implied trust." *Id.* Accordingly, it is not applicable here.[6]

In addition to Wife's issues on appeal, Husband requests this Court award him counsel fees pursuant to Pa.R.A.P. 2744.

---

[6] We also note that it appears from the testimony Wife had suspicion Husband may have filed for divorce as early as 2009. N.T., 2/6/2015, at 23-24 (Wife describing phone call she received from Husband in which he told her he had to prove to "Immigration to get his citizenship … that he's paying child support[;]" Wife testified she "emphatically asked him if [they] were divorced… [but h]e said no.").

Rule 2744 provides, in relevant part:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee …

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. …

Pa.R.A.P. 2744.

This Court has explained that an appeal is frivolous "where it lacks any basis in law or fact; simply because an appeal lacks merit does not make it frivolous." *Geiger v. Rouse*, 715 A.2d 454, 458 (Pa. Super. 1998) (citation omitted). Further, although the term "vexatious" is not defined in the statute, this Court has previously defined the term, albeit in another context, "a legal strategy 'without sufficient ground in either law or in fact and … serv[ing] the sole purpose of causing annoyance.'" *Pietrini Corp. v. Agate Const. Co.*, 901 A.2d 1050, 1053 (Pa. Super. 2006) (defining "vexatious" conduct with regard to counsel fees under the Prompt Pay Act, 62 Pa.C.S. § 3935).

We decline to award counsel fees to Husband. His decision to file for divorce in a remote county in Pennsylvania, a state he lived in for only eight months, using his status as his Wife's power of attorney to sign her name to all relevant documents, is, at the very least, suspect. Nevertheless, as discussed above, Wife's challenge to the divorce decree is untimely.

Although Wife's issue on appeal is meritless, we do not find it lacks any basis in law or fact.

Order affirmed. Request for imposition of counsel fees denied.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2015