J-S62029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ELIZABETH S. KNAPPENBERGER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| NEXTIER BANK | |
| Appellee | No. 751 WDA 2015 |

Appeal from the Order Dated April 23, 2015
In the Court of Common Pleas of Butler County
Civil Division at No(s): A.D. NO. 13-11170

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 16, 2015**

Elizabeth S. Knappenberger ("Appellant") appeals from the order entered in the Butler County Court of Common Pleas, which granted summary judgment in favor of NexTier Bank ("Appellee") and dismissed Appellant's age discrimination complaint against Appellee.  We affirm.

On December 18, 2013, Appellant filed a complaint against Appellee claiming wrongful termination under The Pennsylvania Human Rights Act ("PHRA")[1] on the basis of hostile work environment and retaliation claims.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On August 22, 2013, the Pennsylvania Human Relations Commission ("PHRC") closed Appellant's case because it was unable to conclude the information obtained established a statutory violation, but it advised Appellant of her right to pursue her complaint in the appropriate Court of Common Pleas.

Appellant averred Appellee hired her on May 7, 2012, that Appellant showed her manager her driver's license "evidencing her age" of 55 years old on June 6, 2012,[3] and that Appellee terminated her employment on August 28, 2012 because of her age. Appellant's Complaint, filed December 18, 2013.

On March 18, 2015, Appellee filed a motion for summary judgment alleging Appellant had not made a *prima facie* showing of her discrimination claim, and even if she had, Appellee had legitimate, non-discriminatory reasons for terminating her employment that Appellant failed to establish were pretexts for discriminatory motivation. On March 20, 2015, the trial court ordered both parties to file briefs. On April 14, 2015, Appellant filed a brief in opposition to Appellee's motion for summary judgment, and Appellee filed a reply brief on April 22, 2015. On April 24, 2015, the court granted Appellee's motion for summary judgment.

On May 11, 2015, Appellant timely filed a notice of appeal. On May 14, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and she timely complied on May 28, 2015.[4]

*(Footnote Continued)* ————————

[2] Appellant later dropped the retaliation claim.

[3] Appellant's date of birth is June 6, 1958, so she would have turned 54 in 2012.

[4] On June 2, 2015, the trial court adopted its Opinion and Order of April 23, 2015, which granted Appellee's summary judgment motion, as its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issue for our review:

> WHETHER THE [TRIAL] COURT ERRED WHEN IT DETERMINED THAT APPELLANT HAD FAILED TO PRODUCE SUFFICIENT RECORD EVIDENCE TO MEET HER BURDEN ON THE ISSUE OF WHETHER THE APPELLEE'S PROFFERED REASON FOR HER TERMINATION WAS A PRETEXT FOR AGE DISCRIMINATION?

Appellant's Brief at 3.

Our standard of review of an order granting or denying a summary judgment motion is well established:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Kozel v. Kozel*, 97 A.3d 767, 772 (Pa.Super.2014) (quoting *Daley v. A.W. Chesterton, Inc.,* 37 A.3d 1175, 1179 (Pa.2012)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Marilyn J. Horan, we conclude Appellant's issue merits no relief. The trial court's memorandum opinion, which grants Appellee's motion for summary

- 3 -

judgment, comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed April 24, 2015,[5] at 2-12) (finding: summary judgement was proper where Appellant established *prima facie* discrimination claim; Appellee articulated legitimate non-discriminatory reason for terminating Appellant's employment of poor job performance and complaint directed to bank president; Appellant failed to establish Appellee's reasons were pretexts for discriminatory motivation; and whether Appellant was rude to customers, whether other employees were rude to customers, and whether coworkers made ageist remarks were not issues of material fact because Appellee based termination decision on customer complaint, not truth of complaint, and coworkers who allegedly made ageist remarks were not part of the decision-making process regarding Appellant's termination).[6] Accordingly, we affirm on the basis of the trial court's opinion.

_____

[5] The opinion is dated April 23, 2015.

[6] The trial court did not address Appellant's concern that Ms. Newell, one of the people who allegedly made ageist remarks, was a decision maker because she filled out Appellant's performance evaluation. **See Staub v. Proctor Hosp.**, 562 U.S. 411, 422, 131 S. Ct. 1186, 1194, 179 L. Ed. 2d 144 (2011) ("We therefore hold that if a supervisor performs an act motivated by antimilitary animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA."). In her response to Appellee's motion for summary judgment, Appellant states that Ms. Newell was born in 1965 and supervised two other tellers who both are more than one decade older than Appellant, yet Appellant does not allege Ms. Newell treated these tellers in a discriminatory manner or gave them negative performance reviews. Although Ms. Newell filled out
*(Footnote Continued Next Page)*

Order affirmed

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015

---

*(Footnote Continued)*

Appellant's performance evaluation, the ultimate decision-maker was the bank's president, Margarete Irvine Weir.  In an affidavit, she stated that she made the decision to fire Appellant based on her "terrible skills as a teller," which were largely brought to her attention by a customer, Rick, who said Appellant often got very confused during transactions.  After one transaction took over 20 minutes, Rick told all of his employees not to go to Appellant, but to make sure to wait for another teller so that she would not make a mistake.  Rick also told Weir that he would joke about how bad a teller Appellant was with other customers.  As her reason for terminating Appellant's employment, Weir stated:  "I felt that having the bank's customers actually avoiding being served by [Appellant] was embarrassing, and put the bank in danger of losing those customers."  Affidavit of Margaret Irvine Weir, dated March 13, 2015.  Appellant does not allege that Ms. Newell's alleged bias against Appellant influenced Ms. Weir's ultimate decision.  To the contrary, the unrebutted evidence in Appellee's motion for summary judgment is that Ms. Newell played no part in the decision to terminate Appellant.  Given this record, there is no basis on which a factfinder could conclude that Ms. Newell was a decision-maker for purposes of the PHRA.

## IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA

ELIZABETH S. KNAPPENBERGER,     :

                  :       AD No. 13-11170

         Plaintiff,         :

                  :

vs.                   :

                  :

NEXTIER BANK,            :

                  :

         Defendant.       :

Attorney for Plaintiff:                   Neal A. Sanders

Attorney for Defendant:                Christian C. Antkowiak

HORAN, J.                           DATE: April 23, 2015

### MEMORANDUM OPINION

Before this Court for disposition is the Defendant's Motion for Summary Judgment.

Upon consideration of Defendant's Motion and Brief in Support; Plaintiff's Opposition and Brief

in Opposition; the relevant pleadings, and for the following reasons, Defendant's Motion is

granted.

### Background

This case arises from Plaintiff's employment termination by Defendant, NexTier Bank.

Plaintiff alleges that, when she commenced employment with Defendant on May 7, 2012, as a

teller/associate at the bank's Zelienople, Pennsylvania branch, she was 53 years old. Plaintiff

alleges that she was subsequently terminated from this position on August 28, 2012, because of

her age and in retaliation for engaging in a protected activity.

On December 18, 2013, Plaintiff filed her Complaint against Defendant, alleging one count for Wrongful Termination and one count for Retaliation. On January 1, 2014, Defendant filed its Answer and New Matter to the Complaint. On January 31, 2014, Plaintiff filed her Reply to New Matter.

On March 18, 2015, Defendant filed its Motion for Summary Judgment and Brief in Support. Defendant argues that Plaintiff fails to establish a *prima facie* case of age discrimination under the burden-shifting framework developed for Title VII claims in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Defendant additionally argues that, even if Plaintiff is able to establish a *prima facie* case of age discrimination, the Defendant has come forth with a legitimate, non-discriminatory reason for her termination. Defendant argues that Plaintiff fails to set forth sufficient evidence to raise any question of fact that this legitimate reason was a pretext for an age-discriminatory termination. Defendant also asserts that Plaintiff has not produced evidence to support her Retaliation claim.

On April 14, 2015, Plaintiff filed her Opposition and Brief in Opposition to Defendant's Motion for Summary Judgment. Plaintiff argues that she has set forth sufficient evidence to raise a genuine issue of material fact regarding her ability to establish a *prima facie* age discrimination claim. Plaintiff further argues that she has brought forth sufficient evidence to raise a question of fact regarding the issue of pretext. Plaintiff concedes that she has not set forth sufficient evidence to support a claim for retaliation, and consents to dismissal of that Count II claim.

## Discussion

Pennsylvania Rule of Civil Procedure 1035.2 provides that, after the close of pleadings

2

and within a reasonable time,

> ... any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ.P. 1035.2. When deciding a motion for summary judgment, the Court must accept as true all well-pleaded facts contained in the pleadings of the non-moving party, as well as all reasonable inferences to be drawn therefrom. ***Herczeg v. Hampton Township Municipal Authority***, 766 A.2d 866, 871 (Pa. Super. 2001). It is not the Court's function to decide any issue of fact; rather, the Court's purpose is solely to determine whether, in light of the evidentiary record, there is a genuine issue of material fact to be tried. ***Henry v. First Federal Savings & Loan Ass'n. of Greene County***, 459 A.2d 772, 733 (Pa. Super. 1983). All doubts as to the existence of any genuine issues of material fact must be resolved against the party moving for summary judgment and in favor of the non-moving party. ***Herczeg, supra***, 766 A.2d at 871. The non-moving party may not rest upon averments in its pleadings, but must demonstrate that there is a genuine issue for trial. ***Davis v. Resources for Human Development, Inc.***, 770 A.2d 353, 357. (Pa. Super. 2001).

In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff has consented to the dismissal of her Count II, Retaliation claim. As such, said claim is dismissed.

With regard to Plaintiff's Wrongful Termination claim, based upon age discrimination, said claims are based upon the Pennsylvania Human Relations Act ("PHRA"). ***Kroptavich v. Pennsylvania Power & Light Co.***, 795 A.2d 1048, 1055 (Pa. Super. 2002). Claims brought under the PHRA are analyzed under the same standards as their federal counterparts. ***Id.*** Therefore, though not binding on our state courts, federal court interpretations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* serve to inform state court interpretations of the PHRA. ***Id.*** Thus, Pennsylvania employs the three-part, burden-shifting framework as set forth in ***McDonnell Douglas Corp. v. Green, supra***. Under said framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. ***Kroptavich***, 795 A.2d at 1055. However, the plaintiff's burden, to present a *prima facie* case, is "minimal." ***Id.*** If the plaintiff cannot meet this minimal burden, the employer is entitled to judgment as a matter of law. ***Id.*** If the plaintiff does establish a *prima facie* case, a presumption of discrimination arises, and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. ***Id.*** The employer's burden is one of production, not persuasion, and thus involves no credibility assessment. ***Id.*** If the employer articulates a legitimate business explanation, then the presumption of discriminatory intent created by the employee's *prima facie* case is rebutted and the presumption simply drops out of the picture. ***Id.*** Therefore, if the employer satisfies its burden of production, the third and final part of the ***McDonnell Douglas*** test gives the plaintiff the opportunity to show that the legitimate reasons proffered by the employer were pretexts for what, in reality, was a discriminatory motivation. ***Id.*** In the pretext discrimination case, the employer need not prove that the proffered reason actually motivated its behavior,

4

because throughout this burden-shifting paradigm, the ultimate burden of proving intentional discrimination always rests with the plaintiff. *Id.*

Thus, to survive a motion for summary judgment in an age discrimination case, the Plaintiff must first establish all elements of a *prima facie* age discrimination claim by showing that the plaintiff (i) belonged to a protected class, i.e., was at least 40 years of age; (ii) was qualified for the position; (iii) was dismissed despite being qualified; and (iv) suffered dismissal under circumstances giving rise to an inference of discrimination, such as the fact that the plaintiff was replaced by someone substantially younger, *id.* at 1056, or that she suffered dismissal despite the defendant's need for someone to perform the same work after plaintiff left. *Id.* at 1058.

In the present case, Defendant argues that Plaintiff fails to establish a *prima facie* discrimination claim, because she fails to bring forth evidence to establish the second and fourth prongs of the *McDonnell Douglas* test, i.e., that she was qualified for the position and that she was dismissed under circumstances giving rise to an inference of discrimination. Defendant argues that Plaintiff performed her job poorly, as noted in her 90-day performance evaluation. In addition, Defendant argues that the bank's President, Ms. Weir, received a call from a commercial customer, who complained that Plaintiff was inefficient and inaccurate. Plaintiff argues that Defendant's position impermissibly requires her to establish pretext at the *prima facie* stage, citing *Davenport v. Riverview Gardens Sch. Dist.*, 30 F.3d 940 (8th Cir. 1994). In that case, the court noted that a plaintiff may establish the second element of her *prima facie* case by demonstrating that she met the minimum qualifications for the position. *Id.*

5

at 944 (citing *Hase v. Missouri Div. of Employment Sec.,* 972 F.2d 893, 896 (8th Cir.1992)).  In addition, the court stated,

> Second, by requiring plaintiff to disprove the alleged conduct violations in order to establish his prima facie case, the district court essentially required plaintiff, at the outset, to disprove defendant's alleged business reasons for its adverse employment action—in other words, to prove pretext and the ultimate issue of intentional discrimination. The prima facie burden is not so onerous. *See Johnson v. Arkansas State Police,* 10 F.3d 547, 551 (8th Cir.1993) (threshold of proof necessary to make a prima facie case is minimal and district court improperly conflated prima facie case with ultimate issue). Third, taken to its logical extreme, the district court's reasoning could have ended the inquiry prematurely, thus denying plaintiff the opportunity to show that, even if these incidents did occur, defendant unlawfully responded by treating plaintiff differently from others who were similarly situated, on account of his race.

*Id.*  Here, Plaintiff testified that she had two weeks of initial teller training with simulated transactions, and one week of observation prior to working with actual customers in the bank. Knappenberger Depo. pp. 20- 25.  Plaintiff testified that she completed the training satisfactorily and received a certificate.  *Id.* at 27.  Thus, Plaintiff has produced evidence to give rise to a question of fact that she objectively satisfied the second prong of the *prima facie* test.

With regard to the fourth prong of the *prima facie* test, whereby a Plaintiff must demonstrate that she was dismissed under circumstances that give rise to an inference of discrimination, a plaintiff may demonstrate such by showing that she was replaced by someone substantially younger, or that she suffered dismissal despite the defendant's need for someone to perform the same work after she left.  *Kroptavich, supra.* Defendant argues that Plaintiff has not set forth any evidence to suggest that any of the incidents she complained of had anything to do with age discrimination as it relates to her job.  Defendant argues that the alleged remarks by Ms. Newell, that Plaintiff "was too old to have babies," and the alleged

6

remarks by Plaintiff's co-worker, Courtney Zahn, that Ms. Zahn "hate[s] old people," that "53 is really old," and that Ms. Zahn "want[ed] Elizabeth gone," are irrelevant to Plaintiff's discrimination claim, because neither Ms. Newell nor Ms. Zahn were involved with the decision to terminate Plaintiff. Defendant additionally argues that any statements made by either Ms. Newell or Ms. Zahn are stray remarks that, as a matter of law, do not constitute discrimination based upon age. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1988). Plaintiff argues that she has produced evidence that she was replaced by someone substantially younger than herself. Given the minimal requirements for establishing a *prima facie*, Plaintiff's evidence, that she was replaced by someone twenty eight years younger than herself, is sufficient to give rise to a question of fact concerning the fourth prong of the test. As such, viewing the evidence in a light most favorable to Plaintiff for purposes of the current motion, and resolving all question of fact in her favor, Plaintiff has sufficiently established questions of material fact regarding the issue of her burden to prove a *prima facie* case of age discrimination. *Kroptavich*, 795 A.2d at 1055.

The burden next shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. *Id.* As stated above, the employer's burden in this second part is one of production, not persuasion, and involves no credibility assessment. *Id.* If the employer articulates a legitimate business explanation, then the presumption of discriminatory intent, created by the employee's *prima facie* case, is rebutted, and the presumption simply drops out of the picture. In this case, Defendant has produced evidence that Plaintiff was terminated due to poor job performance and a customer complaint directed to

7

7

the bank's President. These are legitimate business explanations. Therefore, the Defendant has produced evidence to rebut the presumption of discriminatory intent.

The third and final part of the ***McDonnell Douglas*** test gives the plaintiff the opportunity to show that the legitimate reasons proffered by the employer were pretexts for what, in reality, was a discriminatory motivation. ***Kroptavich***, 795 A.2d at 1055. In the pretext discrimination case, the employer need not prove that the proffered reason actually motivated its behavior, because throughout this burden-shifting paradigm, the ultimate burden of proving intentional discrimination always rests with the plaintiff. ***Id.*** To survive summary judgment in the pretext phase, the plaintiff must point to some evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. ***Id.*** at 1059. In other words, "because the factfinder may infer from the combination of the plaintiff's prima facie case and its own rejection of the employer's proffered non-discriminatory reasons that the employer unlawfully discriminated against the plaintiff and was merely trying to conceal its illegal act with the articulated reasons," a plaintiff, who has made out a prima facie case, may defeat a motion for summary judgment by either (i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. ***Fuentes v. Perskie***, 32 F.3d 759, 764 (3d Cir. 1994). To discredit the employer's proffered reason, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise,

8

shrewd, prudent, or competent. *Id.* The plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons. *Id.* In order to survive summary judgment by adducing evidence that discrimination was more likely than not a motivating or determinative cause of the adverse employment action, a plaintiff may show that the employer, in the past, had subjected her to unlawful discriminatory treatment, that the employer treated other, similarly situated persons not of her protected class more favorably, or that the employer has discriminated against other members of her protected class or other protected categories of persons. *Id.* at 765.

Defendant argues that there is no evidence that its reasons for terminating Ms. Knappenberger are so weak, incoherent, implausible, or inconsistent that they lack credibility. Additionally, Defendant argues that Plaintiff has not adduced sufficient evidence from which a reasonable fact-finder could conclude, by a preponderance of the evidence, that unlawful age discrimination was a "but for" cause of her termination. Defendant argues that Plaintiff was terminated because of a substantial customer complaint, lodged directly with the bank's President, and because of a poor 90-day performance evaluation. Finally, Defendant argues that neither of the individuals who allegedly made the ageist remarks participated in the decision to terminate Plaintiff. Plaintiff argues that she has never been rude to a customer, and, even if she had been rude to a customer, she was treated differently from other, younger workers by being terminated for said rudeness. Plaintiff argues that the two substantially younger workers frequently sent and received text messages while serving customers, and that

Plaintiff reported these actions to Human Resources. Plaintiff argues that said behavior is unquestionably rude, yet there is no indication that either individual was disciplined or that the Plaintiff's complaint against her co-workers was even investigated. Additionally, Plaintiff argues that she was rated as commendable in the area of Communication with Customers and Community on her performance evaluation just days prior to the customer complaint. Thus, this rating indicates that she was not consistently rude to customers. With regard to her performance evaluation, Plaintiff points out that her low scores were based upon her inability to balance her drawer, which Plaintiff avers happened only once, when she was informed by Ms. Creese that she did not need to balance her drawer. Plaintiff argues that, because Ms. Creese was the head teller, she was aware that it was necessary for tellers to balance their drawers on Saturday. Plaintiff asserts that Ms. Creese was the individual to whom Ms. Zahn directed the comment that Ms. Zahn "wanted Plaintiff gone." Plaintiff additionally argues that it was Ms. Creese and Ms. Zahn who checked her drawer the Monday after she did not balance it, and who discovered it was out of balance. Thus, Plaintiff argues that an inference can be drawn that Ms. Creese and Ms. Zahn set her up in an effort to have Plaintiff fired. Finally, Plaintiff argues that, prior to her termination, Ms. Newell and other bank employees exchanged emails in which they postulated that Plaintiff was going to sue the bank.

With regard to summary judgment and the pretext phase, Plaintiff argues that her evidence discredits the Defendant's proffered legitimate reasons for the termination, because, younger tellers, who texted while waiting on customers, and were, therefore, acting rudely toward the customers, were not fired. Plaintiff has not proffered evidence that the Defendant received any customer complaints regarding said behavior. As such, Plaintiff has not produced

10

evidence to demonstrate that she was treated differently from younger workers in similar situations. Plaintiff has not presented evidence to establish any question that the Defendant's proffered legitimate reasons for her termination were riddled with such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions that a reasonable factfinder could rationally find them unworthy of credence. Therefore, Plaintiff has not produced sufficient evidence to give rise to a material question of fact on the pretext issue, to discredit the Defendant's legitimate reasons for her termination.

With regard to whether Plaintiff has adduced evidence, circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of Defendant's adverse employment action, Plaintiff testified that, on at least three occasions, her supervisor, Ms. Newell, made age-related remarks, to the effect that Plaintiff "was too old to have babies" and was "too old to go to a tractor pull." Plaintiff also alleges a conspiracy between Ms. Creese and Ms. Zahn to have her fired. However, Defendant has produced evidence that neither Ms. Newell, Ms. Zahn, nor Ms. Creese participated in the decision to terminate Plaintiff's employment. *See* Affidavit of Maria Smathers, Margaret Weir. Plaintiff has not produced any evidence to the contrary. In ***Brewer v. Quaker State Oil Ref. Corp.***, 72 F.3d 326, 333 (3d Cir. 1995), the court held that stray remarks by non-decisionmakers are rarely given great weight. ***Id.*** at 333. Further, the court in ***Walden v. Georgia-Pac. Corp.***, 126 F.3d 506 (3d Cir. 1997) made it clear that "Our cases distinguish between discriminatory comments made by individuals within and those by individuals outside the chain of decisionmakers who have the authority to discharge. We have generally held that comments by those individuals outside of the decisionmaking chain are stray remarks, which, standing alone, are inadequate to support

11

an inference of discrimination." *Id.* at 521. In the present case, the alleged statements constitute stray remarks by non-decisionmakers, and, by themselves, fail to raise any question of fact regarding the decisionmakers' proffered legitimate reasons to terminate Plaintiff. Consequently, she has failed to adduce sufficient evidence to raise a material question of fact regarding the issue of pretext. As such, Defendant's Motion for Summary Judgment is granted.

This Court notes that Defendant filed its Brief in Reply to Plaintiff's Brief in Opposition on April 22, 2015. However, said filing occurred after the scheduled submission date and after this Court had made its preliminary ruling on the present Motion. Consequently, this Court has not reviewed the Defendant's Brief in Reply, and said Brief has had no bearing on this Court's decision.

In light of the above, this Court enters the following Order:

# IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA

ELIZABETH S. KNAPPENBERGER,

           Plaintiff,

vs.

NEXTIER BANK,

           Defendant.

:
:     AD No. 13-11170
:
:
:
:
:
:
:
:

Attorney for Plaintiff:                Neal A. Sanders
Attorney for Defendant:            Christian C. Antkowiak

HORAN, J.                            DATE: April 23, 2015

## ORDER OF COURT

AND NOW, this 23rd day of April, 2015, as regards Plaintiff's Count II, Retaliation, claim, said claim is dismissed. Further, upon consideration of Defendant's Motion for Summary Judgment and Brief in Support; Plaintiff's Opposition and Brief in Opposition; the relevant pleadings, and for the foregoing reasons, Defendant's Motion for Summary Judgment, as regards Plaintiff's Count I, Age Discrimination, claim, is granted. Judgment is entered in favor of the Defendant and against the Plaintiff, on said claim.

BY THE COURT,

MARILYN J. HORAN, JUDGE

alm

5/6/15 Judgment entered at CP 15-20776 as per Memorandum Opinion and Order of Court.

13