**Strouse v. Strouse**

C.P. of Pike County, no. 570-1993.

*Jan Lokuta,* for plaintiff.
*Matthew Blumberg,* for defendant.

THOMSON, *P.J.,* January 20, 1997—This matter involves the entry of a divorce decree in which we did not retain jurisdiction over economic issues, even though the parties had preserved such issues. Before the court is the defendant's motion to open divorce decree to permit bifurcation. A hearing was held on November 26, 1996. At that hearing, we granted the defendant's request to consider her motion a motion to vacate. After the submission of briefs, this matter is ripe for adjudication.

## DISCUSSION

The divorce decree entered in this matter noted that the court did not retain jurisdiction over any economic issues. Once the decree was entered, the defendant lost her right to pursue the economic claims in the divorce action. See 42 Pa.C.S. §3503.[1] Therefore, the divorce decree must be either vacated or opened in order for

---

1. 42 Pa.C.S. §3503 reads as follows:

"Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those rights which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b) or (b.1). All duties, rights and claims accruing to either of said parties

the trial court to consider the defendant's economic claims. *Justice v. Justice,* 417 Pa. Super. 581, 586, 612 A.2d 1354, 1357 (1992).

The Divorce Code "gives the courts . . . power to . . . effectuate the purposes of the Divorce Code, one of which was to give divorced persons economic justice." *Fenstermaker v. Fenstermaker,* 348 Pa. Super. 237, 242, 502 A.2d 185, 187 (1985), quoting *Lazovitz v. Lazovitz,* 307 Pa. Super. 341, 351-52, 453 A.2d 615, 620 (1982). (other citation omitted)

The court may exercise its equitable powers under the Divorce Code as set forth in 42 Pa.C.S. §3332. That section reads, in pertinent part, as follows:

*"Opening or vacating divorce decrees*

"A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or because of a fatal defect apparent upon the face of the record, must be made within five years after entry of the final decree."

The defendant filed a motion to open divorce decree to permit bifurcation. Such a motion to open may only be filed within 30 days of entry of the decree. 42 Pa.C.S. §3332. It is undisputed that the motion was filed beyond the 30-day period. However, we granted the defendant's oral request at the hearing that the court consider the motion as a motion to vacate.

---

at any time heretofore in pursuance of the said marriage, shall cease and the parties shall, severally, be at liberty to marry again in like manner as if they had never married, except where otherwise provided by law." (citations omitted)

The defendant claims that there exists a fatal defect in the record. On May 5, 1993, the plaintiff filed a complaint in divorce. In that complaint, the plaintiff requested equitable distribution and other economic remedies. On February 14, 1996, the plaintiff filed an affidavit under section 3301(d) of the Divorce Code. On March 15, 1996, the plaintiff filed a notice of intention to request entry of divorce decree. A copy of the praecipe to transmit record was attached to the notice. In that praecipe, it was noted that a claim of equitable distribution was pending.

On March 19, 1996, the defendant filed a counter-affidavit under section 3301(d) of the Divorce Code. On April 4, 1996, the plaintiff filed an amended counter-affidavit under section 3301(d) of the Divorce Code to correct a typographical error. In both the original counter-affidavit and the amended counter-affidavit, the defendant had checked off the box noting that she "wish[ed] to claim economic relief which may include alimony, division of property, lawyer's fees or expenses or other important rights."

On April 12, 1996, the plaintiff filed a praecipe to transmit record. This was the same praecipe that was attached to the notice of intention to request entry of divorce decree. The praecipe again noted that the claim of equitable distribution was pending. On April 30, 1996, we signed the divorce decree. The decree reads, in part, "The court retains jurisdiction of the following claims which have been raised of record in this action for which a final order has not been entered." The word "none" was written in the blank space provided after that sentence. It is the writing of the word "none" which the defendant claims is the fatal defect warranting the vacatur of the divorce decree.

There is a dearth of reported cases defining a "fatal defect in the record" under 42 Pa.C.S. §3332. See 24 Pa. Standard Practice §126:490, "Fatal defect on the

face of the record; particular instances." Our sister court in Dauphin County has reasoned that the legislature's intent behind section 3332 "was that a decree could be set aside only if there was a fundamental error in the case proceedings." *Reinert v. Reinert,* 40 D.&C.3d 403, 406 (1986).

We find that the typographical error in this case was a fundamental error and a fatal defect readily apparent on the face of the record. It is clear from the pleadings that both parties claimed and preserved their rights over the economic issues. We will not allow a typographical error to deprive a party of his or her property or due process rights in relation to the economic issues.

## ORDER

And now, January 20, 1997, upon consideration of defendant Ann Marie Strouse's motion to open divorce decree to permit bifurcation, which was orally amended to a motion to vacate divorce decree, briefs filed thereto and hearing held thereon, defendant's motion is hereby granted.

Accordingly, the divorce decree entered in this matter on April 30, 1996 is hereby vacated.