**Robert E. BINGAMAN, Jr., Appellee**

v.

**Kelly BINGAMAN, Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 2009.

Filed Aug. 31, 2009.

Vincent Monfredo, Carlisle, for appellant.

Joseph D. Caraciolo, Harrisburg, for appellee.

BEFORE: ORIE MELVIN, GANTMAN and CLELAND, JJ.

OPINION BY CLELAND, J.:

¶ 1 Kelly Bingaman (Wife) appeals the trial court's order entered August 14, 2008 denying her Motion to Strike and/or Re-Open Decree in Divorce. After careful review, we hold the trial court should have vacated that portion of the divorce decree that held it did not retain jurisdiction over

the alimony claim. The trial court should have done so because a fatal defect appears on the face of the record. We reverse and remand.

¶ 2 The parties were married June 1, 1984. Robert Bingaman, Jr. (Husband) filed a divorce complaint on March 8, 2005 raising counts in divorce and equitable distribution. Wife filed an answer on May 6, 2005 denying that the marriage was irretrievably broken, an amended answer on June 8, 2005 requesting counsel fees, and an additional petition on December 20, 2006 requesting equitable distribution, spousal support, alimony *pendente lite*, alimony and costs and expenses. After a hearing on September 4, 2007, a Master issued a report and recommendation (Master's Report) entered September 10, 2007 recommending, *inter alia*, Husband's request for divorce be granted, and specifically providing, "The Master, as indicated, is going to leave the alimony issue open and preserved. In the event of a divorce decree, that issue will be preserved on the decree for further adjudication." Master's Report at 10. On October 25, 2007, the trial court adopted the recommendations of the Master and specifically noted, "The claim for alimony is hereby preserved." Order, 10/25/07, at 1. On January 18, 2008, Husband filed a Praecipe to Transmit Record. Husband's praecipe did not substantially comply with the form provided at Pa.R.C.P.1920.73 because it did not list any "related claims pending" as required by paragraph four.[1] If it had, perhaps this appeal could have been avoided.

¶ 3 On January 23, 2008, the trial court entered the divorce decree. The decree included the sentence, "The Court retains jurisdiction of the following claims which have been raised of record in this action for which a final order has not yet been entered; [sic] None." Decree In Divorce, 1/23/08, at 1. The word "none" was handwritten. The trial court's decree followed an old version of the form provided in Pa.R.C.P.1920.76 which required courts to write-in all claims for which a final order had not been entered. In 1988, the Supreme Court revised the form to read: "The court retains jurisdiction of any claims raised by the parties to this action for which a final order has yet been entered." Pa.R.C.P.1920.76.[2]

---

1. The form appears as follows:
   PRAECIPE TO TRANSMIT RECORD
   To the Prothonotary:
   Transmit the record, together with the following information, to the court for entry of a divorce decree:
   1. Ground for divorce: irretrievable breakdown under § (3301(c)) (3301(d)(1)) of the Divorce Code. (Strike out inapplicable section).
   2. Date and manner of service of the complaint: ⎯⎯⎯⎯⎯⎯⎯⎯.
   3. Complete either paragraph (a) or (b).
   (a) Date of execution of the affidavit of consent required by § 3301(c) of the Divorce Code: by plaintiff ⎯⎯; by defendant ⎯⎯⎯⎯.
   (b)(1) Date of execution of the affidavit required by § 3301(d) of the Divorce Code: ⎯⎯⎯⎯⎯; (2) Date of filing and service of the plaintiff's affidavit upon the respondent: ⎯⎯⎯⎯.

4. Related claims pending: ⎯⎯⎯⎯⎯⎯⎯.
   5. Complete either (a) or (b).
   (a) Date and manner of service of the notice of intention to file praecipe a copy of which is attached: ⎯⎯⎯⎯⎯⎯⎯.
   (b) Date plaintiff's Waiver of Notice was filed with the prothonotary: ⎯⎯⎯⎯⎯⎯⎯
   Date defendant's Waiver of Notice was filed with the prothonotary: ⎯⎯⎯⎯⎯⎯⎯
   ⎯⎯⎯⎯⎯⎯⎯
   (Attorney for) (Plaintiff)(Defendant)
   Pa.R.C.P.1920.73 (emphasis added).

2. The comments following the rule provide:

   The amendment to Rule 1920.76 revises the form of divorce decree so that the court will no longer be required to list the claims as to

¶ 4 Seventy days after the decree was entered, on April 2, 2008, Wife filed the Motion to Strike and/or Re–Open Decree in Divorce (the motion). Following argument, on August 14, 2008 the trial court denied the motion. On September 12, 2008, Wife appealed. On appeal Wife asks us to consider "whether the court erred when it failed to strike and/or open a decree in divorce, which was defective upon its face for failing to keep the issue of alimony open and preserved." Concise Statement of Matters Complained of on Appeal at 1 (capitalization omitted). *See also* Appellant's Brief at 7.[3]

¶ 5 Our standard of review is whether the trial court abused its discretion when it denied Wife's motion. *Egan v. Egan,* 759 A.2d 405 (Pa.Super.2000). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill

will." *Commonwealth v. Widmer,* 560 Pa. 308, 322, 744 A.2d 745, 753 (2000) (citation omitted).

¶ 6 The Divorce Code provides:

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505[4] (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. . . .

23 Pa.C.S.A. § 3332.

¶ 7 Our review of the record reveals the following.[5] Wife timely raised the issue of

---

which a final order has not been entered at the time of entry of the final divorce decree. Rather, the decree will simply state that the court retains jurisdiction over unresolved issues.
Cmt. (1988).

3. Husband asserts Wife has not argued a defect in the record exists and that Wife failed to timely assert an alimony claim. Appellee's Brief at 5. Notably, however, only one paragraph later, Husband argues Wife is relying on the language of the statute which affords relief where there is a fatal defect on the face of the record. *Id.* at 6. Husband cites *Melton v. Melton,* 831 A.2d 646 (Pa.Super.2003). In *Melton,* the wife did not even raise the claim of alimony until four months after entry of the divorce decree. Here, however, Wife timely asserted her alimony claim during the divorce litigation and *Melton* is starkly distinguishable. Husband also argues Wife's reliance on *Strouse v. Strouse,* 36 Pa. D. & C. 4th 349 (1997), is misplaced. He points out that *Strouse* is a trial court decision and not binding on this Court. He argues that even if it was binding that it is distinguishable. Al-

though *Strouse* is not binding on this Court, we disagree with husband that *Strouse* is distinguishable. The defendant in *Strouse,* just as Wife here, preserved the issues of economic relief. Despite the fact the issues had been preserved, both in *Strouse* and in this case the trial court erroneously wrote the word "none" on the decree indicating no issues were preserved. The difference between *Strouse* and the present case is that in *Strouse* the plaintiff notified the court in his praecipe that an issue was still pending. Here Husband did not do so.

4. "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

5. Husband's counsel asserts "[a]t no time in the proceedings did the Court of Common Pleas indicate that this was a mistake. [Wife] fails to address the issue that this Order was a

alimony. The Master recommended the issue of alimony be preserved even after entry of a divorce decree. The trial court adopted the Master's recommendation and specifically held the issue of alimony was preserved. Husband filed a praecipe to transmit record and failed to point out to the court that the issue of alimony was still pending. The trial court then entered the decree and erroneously ordered that all issues had been resolved. The issue is whether, based on these facts, § 3332 provides Wife a remedy. As explained below, we hold that it does.[6]

¶ 8 Husband argues Wife is not entitled to have the decree "opened" under § 3332 because she did not make the motion within 30 days, and she is not entitled to have the order "vacated" because, although the motion was made within five years, she has failed to prove there is a fatal defect on the

face of the record. Further, Husband argues the decree cannot be vacated because he has remarried.[7]

¶ 9 In this case, a review of the record readily reveals a fatal defect: Wife properly raised the issue of alimony, and the trial court in an order on October 25, 2007 preserved the issue. Even though it had preserved the alimony issue, the trial court entered a divorce decree stating the issue of alimony had been resolved when it had not. This defect is apparent on the face of the record.[8] The trial court had authority under § 3332 to vacate the decree to the extent required to amend it and correct its error to preserve the issue of alimony. The trial court's failure to do so was an abuse of discretion because the trial court did not properly apply the law. See Widmer, supra.[9]

properly entered Court of Common Pleas order, but instead dilutes the issue by pointing to a non-binding recommendation of the Divorce Master." Appellee's Brief at 8. Husband's counsel's assertions conflict with the record. The trial court's order states, "The claim for alimony is hereby preserved." Order, 10/25/07, at 1. Further, the trial court stated that the failure to retain jurisdiction over alimony may have been the court's mistake. N.T., 6/20/08, at 2–3, 5, 6.

6. In its Pa.R.A.P.1925(a) Opinion, the trial court relies on *Justice v. Justice*, 417 Pa.Super. 581, 612 A.2d 1354 (1992), to support its decision that it did not have the authority to vacate the decree beyond 30 days after entry of the decree. However, like the wife in *Melton*, the appellant in *Justice* did not raise any economic claims until more than 30 days after entry of the divorce decree. *Justice*, as *Melton*, is inapposite.

7. Pennsylvania courts have vacated divorce decrees even after parties have remarried, but in those cases the person who remarried had committed a fraud on the prior spouse. We do not rely on those cases in reaching our disposition and mention them here only to note that a divorce decree can be vacated even after a party to the decree has remarried. *See Allen v. Maclellan*, 12 Pa. 328, 1849

WL 5803 (1849); *McLaughlin v. McLaughlin*, 199 Pa.Super. 53, 184 A.2d 130 (1962).

8. Husband argues Wife "offers no support that the Divorce *Decree* presents a fatal defect." Appellee's Brief at 5 (emphasis added). However, the relevant inquiry is not whether the defect appears in the *decree*, but whether it appears on the face of the *record*. When the defect is apparent on the face of the record, as here, the decree may be vacated. Examples in which it is clear the "record" encompasses more than merely the decree include *Lazaric v. Lazaric*, 818 A.2d 523, 525 n. 4 (Pa.Super.2003) where in dictum this Court explained the absence of the notice of intention to request entry of the decree from record and the presence of a consent indicating receipt of the notice of intention to request entry of the decree was a fatal defect apparent on the face of the record, and *Danz v. Danz*, 947 A.2d 750 (Pa.Super.2008) where this Court held the trial court's failure to ensure proper venue was a fatal defect apparent on the face of the record.

9. Husband argues that even if we determine the law indicates the decree should be opened or vacated, we should affirm the trial court in the interest of justice because of Wife's dilatory and malicious behavior in the course of

¶ 10 Accordingly, the Order entered August 14, 2008 is reversed. The case is remanded for the trial court to vacate that portion of the divorce decree that did not retain jurisdiction over the issue of alimony with instructions to specifically rule that the trial court retains jurisdiction over the alimony claim raised by Wife and on which a final order has not yet been entered. Jurisdiction relinquished.

this litigation. Appellee's Brief at 8–9. He asks us to affirm in the interest of justice pursuant to Pa.R.C.P. 126 which calls for the liberal construction of the Rules of Civil Procedure. However, we do not resolve this case by application of the Rules of Civil Procedure. Rather, our disposition is based on application of precedent and statutory law. Husband asks us to apply the relevant statute liberally pursuant to 1 Pa.C.S.A. §§ 1501–1991 "to give effect to their purpose and to promote justice." Appellee's Brief at 9. However, in a situation where a party properly raises an economic claim and the trial court enters an order preserving the claim then the partial vacation of the decree to resolve that economic claim clearly supports the purpose of § 3323. Our disposition of this appeal gives Wife nothing more than the opportunity to advance her already preserved economic claim of alimony. The parties remain divorced.