J-A04025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH MICHAEL GARDELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BETH ANN GARDELL, | |
| Appellant | No. 405 WDA 2015 |

Appeal from the Order Entered February 20, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-14-07942-016

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 03, 2016**

Beth Ann Gardell ("Wife") appeals from the February 20, 2015 order denying her motion to strike or vacate the divorce decree entered on January 15, 2015.  We affirm.

The trial court summarized the relevant facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion as follows:

> Wife and [] Joseph H.  Gardell ("Husband") were married in April 2004.  They have two (2) minor children.  In March 2014, the parties separated and began dividing their marital assets.  The parties subsequently entered into an agreement titled "Decree in Divorce" dated on May 21, 2014 (the "Agreement").  The Agreement's stated purpose was "to finalize the conditions of divorce between the parties" and [it] contained provisions regarding custody, child support, health insurance, financial division of the marital estate, and alimony.
>
> Husband filed his Complaint in Divorce on September 26, 2014 with one (1) count for divorce pursuant to 23 Pa.C.S.A. § 3301(c).  On December 30, 2014, both parties signed and filed their respective waiver of notice of intention and affidavits of

consent to effectuate a no-fault divorce under § 3301(c).[1] Husband also filed a praecipe to transmit the record. The Decree in Divorce … was issued on January 15, 2015. Neither party was represented by counsel up to this point.

On January 16, 2015, Wife, through counsel, filed a withdrawal of consent and a petition raising claims for alimony, equitable distribution, and counsel fees. Since the Decree in Divorce was already issued, Wife presented a motion to strike/vacate the Decree in Divorce on January 28, 2015. The court determined an evidentiary hearing was required. The court considered Wife's motion as a motion for reconsideration and granted such. An evidentiary hearing on Wife's motion to strike or vacate the Decree in Divorce was scheduled for February 19, 2015.

At the February 19, 2015 hearing, Wife argued that the Agreement was invalid because at the time of execution she did not know the value of [H]usband's retirement accounts, including his pension and Thrift Savings Plan ("TSP"), and did not believe the Agreement to be a final resolution of economic claims. Therefore, Wife argued, the Decree in Divorce must be vacated so that the parties could litigate the economic issues. Husband objected and argued that the purpose of the hearing was not to determine the validity of the Agreement, but only whether the Decree should be vacated or reopened. Over

---

[1] Section 3301 of the Pennsylvania Divorce Code grants authority to the court to enter a no-fault divorce, in relevant part, as follows:

**§ 3301. Grounds for divorce**

. . .

**(c) Mutual consent.**—The court may grant a divorce where it is alleged that the marriage is irretrievably broken and 90 days have elapsed from the date of commencement of an action under this part and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.

23 Pa.C.S. § 3301(c).

Husband's objection, the court permitted Wife to proceed as Wife's argument for vacating the Decree was dependent upon the validity of the Agreement.

The court considered the totality of the record and entered an order dated February 20, 2015 and denied Wife's motion and found that the Decree in Divorce should stand. Wife subsequently filed a notice of appeal to the Superior Court of Pennsylvania. On March 16, 2015, the court ordered Wife to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. 1925(a). Wife filed her concise statement on March 31, 2015.

Trial Court Opinion ("TCO"), 5/8/15, at 1-3 (footnote and unnecessary capitalization omitted).

Wife presents the following issues for our review:

1. Did the lower court err by denying [Wife's] Motion to Strike/Vacate Divorce Decree when the motion was filed within thirty days of the date of the [Divorce Decree] and the evidence showed that the parties did not know the value and extent of the marital estate when they signed a document purporting to settle the economic issues[?]

2. Did the lower court err in not invalidating a document purporting to settle the economic issues in the marital estate so that the parties could litigate the issues of alimony, alimony *pendent lite*, equitable distribution, attorney fees, and costs, when the evidence showed that the parties did not know the value and extent of the marital estate when they signed the document[?]

Wife's Brief at 4.

Our standard of review for a denial of a motion seeking to open or vacate a divorce decree "requires us to determine whether an abuse of discretion has been committed." **Danz v. Danz**, 947 A.2d 750, 752 (Pa. Super. 2008). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly

unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." ***Bingaman v. Bingaman***, 980 A.2d 155, 157 (Pa. Super. 2009) (quoting ***Commonwealth v. Widner***, 744 A.2d 745, 753 (Pa. 2000)).

Wife argues that the trial court erred in refusing to vacate or open the Divorce Decree absent proof of fraud. Wife's Brief at 7. She avers that "[i]f the motion [was] filed within 30 days of the entry of the [Divorce Decree], the trial court [had] the inherent power to modify, rescind, or reconsider [the Divorce Decree] for any reason based on the suggestion that equity [had] not been served." ***Id.***

In ***Justice v. Justice***, 612 A.2d 1354 (Pa. Super. 1992), we acknowledged:

> [A] divorce decree must be either vacated or opened in order for the trial court to consider appellant's economic claims. The trial court has the inherent power to modify, rescind, or reconsider an order within 30 days of its entry for any reason based on the suggestion that equity has not been served. 42 Pa.C.S. § 5505.[2] The court's exercise of its power under § 5505 of the Judicial Code is almost entirely discretionary; this power may be exercised *sua sponte*, or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal.

***Id.*** at 1357. As we further explained:

---

[2] "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

The equitable powers of the court are not without limits. The circumstances under which a court may exercise its discretionary power to open or vacate a decree are delineated in § 602.[7] Section 602 provides:

### §602. Opening or vacating divorce decrees

A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinisic fraud, lack of jurisdiction over the subject matter or because of a fatal defect apparent upon the face of the record, must be made within 5 years after entry of the final decree. Instrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequences of precluding a fair hearing or presentation of one side of the case.

[7] This section is now 23 Pa.C.S.A. § 3332.

Thus, section 602 [now section 3332] sets out clear evidentiary requirements which *must* be met by the parties before the court may exercise its authority to open, vacate, or strike a divorce decree, and the court's exercise or refusal to exercise its authority under that section is reviewable on appeal…. In accordance with § 602, the *only* basis for vacating a decree within 30 days is intrinsic fraud.

*Justice*, 612 A.2d at 1358 (emphasis added).

In order to establish that the Agreement is void due to fraud:

[Wife] must prove, by clear and convincing evidence: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the reliance. All of these elements must be present to warrant the extreme sanction of voiding the [Agreement].

*Porreco v. Porreco*, 811 A.2d 566, 570 (Pa. 2002).

Here, Wife does not raise any such allegations of fraud, nor does she produce any new evidence regarding the validity of the Agreement. She merely argues that at the time she executed the Agreement, she was not aware of the value of Husband's retirement accounts. Substantively, Wife's motion is lacking in merit. A mistake in valuation of marital assets does not constitute an adequate reason for opening a divorce decree. *Holteen v. Holteen*, 605 A.2d 1275, 1276 (Pa. Super. 1992). "Such a mistake is not equivalent to new evidence that will sustain an attack on the validity of the decree. Any other rule would permit repeated assaults on divorce decrees whenever a party believed a marital asset had been improperly valued." *Id.*

Moreover, we note that marital agreements are contracts and, therefore, are subject to the principles of contract law. *Lugg v. Lugg*, 64 A.3d 1109, 1112 (Pa. Super. 2013). "Absent fraud, misrepresentation or duress, spouses should be held to the terms of their agreements." *Id. See also Stoner v. Stoner*, 819 A.2d 529, 533 (Pa. 2003) (expressly rejecting "an approach which would allow the court to inquire into the reasonableness of the bargain," and endorsing the parties' rights to freely contract).

In support of its denial of Wife's motion to open or vacate the Divorce Decree, the trial court provided the following detailed analysis:

> [B]oth parties testified that the values of Husband's retirement accounts were unknown to both parties when the Agreement was executed. At the hearing, Wife argued that because the value of Husband's retirement accounts was unknown at the time of the Agreement, she did not "know the extent of the

- 6 -

marital estate…she was giving up." Wife presented no evidence that Husband gave her false information about the retirement accounts. The [c]ourt found that Husband did not offer such false statements before or during the execution of the Agreement. Husband credibly testified that both parties agreed to Wife's receipt of additional alimony as a compromise to make up for the unknown value of Husband's pension. In addition, Wife was to receive one-half [] the value of Husband's TSP. Husband also credibly testified that Wife did not raise any concerns or propose changes at the time of the execution of the Agreement or after its signing. Husband and Wife both testified that Wife received a copy of the Agreement days before it was signed. Husband credibly testified that the parties had discussed the resolution of the marital estate and that suggestions from both parties were included in the Agreement. The evidence showed that Wife had ample opportunity to renegotiate terms or refuse to sign the Agreement until Husband's retirement accounts were valued. No evidence was presented to indicate fraud on Husband's part. Therefore, the [c]ourt concluded that Husband took no fraudulent action regarding the retirement accounts to induce Wife to sign the Agreement.

TCO at 20-21 (internal citations omitted). Based on the foregoing, we discern no abuse of discretion by the trial court.

Next, in response to Wife's assertion that the Agreement is invalid on its face for failure to provide a full and fair disclosure of Husband's retirement accounts, we rely on **Simeone v. Simeone**, 581 A.3d 162 (Pa. 1990), the seminal decision regarding the standards for determining the validity of marital settlement agreements. "Under **Simeone**, we are not permitted to review the reasonableness of a marital settlement agreement to determine its validity." **Paroly v. Paroly**, 876 A.2d 1061, 1065 (Pa. Super. 2005) (citing **Simeone**, 581 A.2d at 165). "[**Simeone**] abolished prior, paternalistic approaches to enforcing such agreements and announced, 'Absent fraud, misrepresentation, or duress, spouses should be bound by the

terms of their agreements.'" **Paroly**, 876 A.2d at 1065 (quoting **Simeone**, 581 A.2d at 165).  The **Simeone** Court also reaffirmed,

> the longstanding principle that a full and fair disclosure of the financial positions of the parties is required….  Parties to these agreements do not quite deal at arm's length, but rather at the time the contract is entered into stand in a relation of mutual confidence and trust that calls for disclosure of their financial resources.

**Id.** at 167.  **See also Stoner**, 819 A.2d at 533 (reaffirming "the principle in **Simeone** that full disclosure of the parties' financial resources is a mandatory requirement").  "It is well settled that this disclosure need not be exact, so long as it is 'full and fair.'"  **Sabad v. Fessenden**, 825 A.2d 682, 691 (Pa. Super. 2003).

Here, Wife argues that "the [Agreement] is invalid and unenforceable on its face," based on the fact that the Agreement lists the value of Husband's retirement accounts as unknown.  Wife's Brief at 13.  She further asserts that the Agreement fails to meet the standard for a full and fair disclosure and that allowing the Agreement to stand would deprive her of a fair portion of the estate.  **Id.**

We previously stated:

The validity of a postnuptial separation agreement depends upon the presence of one of two elements: (1) a reasonable provision for the claiming spouse; or (2) a full and fair disclosure of the other's worth.  These factors must be considered in view of the circumstances on the date of the [A]greement, not in hindsight. … [T]he Supreme Court of Pennsylvania has stated that:

The person seeking to nullify or avoid or circumvent the Agreement has the burden of proving the invalidity of the Agreement by clear and convincing evidence that the

spouse at the time of the Agreement made neither (a) a reasonable provision for the intended spouse, nor (b) a full and fair disclosure of his (or her) worth.

***Nitkiewicz v. Nitkiewicz***, 535 A.2d 664, 665-666 (Pa. Super. 1988) (emphasis and internal citations omitted).

Evidenced by the following portion of the trial court's opinion, the value of Husband's assets was fully and fairly disclosed to the extent the value was known at the time the Agreement was executed. Moreover, the Agreement contained a reasonable provision for Wife to compensate her for the unknown value of Husband's retirement accounts.

> Here, both parties acknowledged that the value of Husband's retirement benefits was unknown. In an effort to correct for the unknown retirement benefit value, Husband and Wife agreed that she would receive two (2) years and four (4) months of additional alimony in exchange for waiving her interest in Husband's pension account. The parties also agreed that once Husband had access to his TSP account, Wife would receive one-half (1/2) its value in a lump sum payment. Husband credibly testified that the parties both agreed to these terms. The parties both testified that neither party knew the value of either retirement account at the time the Agreement was signed. The value of Husband's pension is still unknown to either party. The evidence showed that the parties had equal knowledge of Husband's financial situation. Wife failed, therefore, to meet her burden of showing a lack of full and fair disclosure, and the Agreement and [Divorce Decree] must stand.

TCO at 10-11. After careful review of the record, we conclude that Wife failed to meet her burden of proving the invalidity of the Agreement and we discern no abuse of discretion by the trial court. Accordingly, we affirm the court's order denying Wife's motion to strike or vacate the divorce decree.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/3/2016