J-A20004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANN S. BORIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAMSIDHAR R. VURIMINDI | : | |
| | : | |
| Appellant | : | No. 3315 EDA 2024 |

Appeal from the Order Entered November 25, 2024
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): D10088575

BEFORE:   MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 11, 2025**

Vamsidhar R. Vurimindi (Appellant), *pro se*, appeals from the Order entered by the trial court denying his petition to open the trial court's 2013 equitable distribution order entered in Appellant's divorce proceeding.  After careful review, we affirm.

The trial court summarized the acrimonious history underlying the instant appeal as follows:

In October 2005, [Appellant] and [Ann S. Boris (Boris)] were married; on December 16, 2016, [the trial] court entered a divorce decree, leaving the economic issues open.  The parties' economic issues focused on the distribution of their business interests and real property.  [Boris's] business interests included three entities: Numoda Corporation [(Numoda)], Numoda Technologies[,] Inc. [(Numoda Tech)], and Numoda Capital Innovations …, which she owned along with her siblings, John

_____

* Retired Senior Judge assigned to the Superior Court.

Boris and Mary Schaheen, as well as other individuals and entities, including non-parties Patrick Keenan and Jack Houriet.

On July 23, 2013, the court entered an order which addressed [Appellant's] petition to assert cross-claims asserting slander against, among others, Mary Schaheen, Patrick Keenan and Jack Houriet. The order dismissed the cross-claims and stated, "[Appellant] is prohibited from re-filing said petition. Any claim against a third party in a divorce matter may only be asserted by first filing a petition for joinder, which was never done here….

Trial Court Opinion, 2/21/25, at 1-2.

The trial court described what next transpired:

On May 19, 2020, the [trial] court entered an equitable distribution order, which awarded 100% of [Boris's] remaining interest and shares in Numoda [] and Numoda Tech[] to [Appellant]. [Boris] was ordered to execute transfers of ownership of her remaining shares in Numoda [] and Numoda Tech[] to [Appellant] within thirty days of May 19, 2020. [Boris] retained 100% of her interest in Numoda Capital Innovations.

[Appellant] appealed the May 19, 2020[,] order to the Superior Court of Pennsylvania. The Superior Court affirmed the May 19, 2020[,] order on January 25, 2022, at [**Boris v. Vurimindi**, 272 A.3d 499,] No. 1215 EDA 2020 [(Pa. Super. filed January 25, 2022) (unpublished memorandum)]. Additionally, [t]he Superior Court affirmed the July 23, 2013[,] order. **Id.**, slip op. at 15-16.

On June 1, 2022, a shares transfer agreement [(STA)] was executed by [Boris] to effectuate the May 19, 2020 order. The [STA] purported to transfer [Boris's] remaining 27.5% interest, representing 7,745,000 shares, in Numoda [] and Numoda Tech[] to [Appellant].

**Id.** at 2-3.

### The Equity Action

On June 23, 2022, [Appellant] filed a complaint, at Docket Number 220602175, in the [Philadelphia trial court] against … Mary Shaheen, Patrick Keenan, Jack Houriet, [Numoda, Numoda Tech (collectively, the Numoda non-parties), and Boris] to enforce the

June 1, 2022[, equitable distribution] between [Boris] and [Appellant] (hereafter, the equity action). [Appellant] alleged that although [Boris] had transferred her shares … to [Appellant,] … the Numoda non-parties refused to transfer the shares.

… [T]he Numoda non-parties defended [the equity action] on the basis that there existed an STA,] which mandated that a majority of shareholders was required to approve any transfer of a share to a third party, and that the majority of the shareholders had not approved the transfer to [Appellant].

On March 12, 2024, … the Numoda non-parties filed a motion for summary judgment [in the equity action], and on April 4, 2024, [Appellant] filed a response thereto and also sought summary judgment.

On May 28, 2024, the court issued an order which denied [Appellant's] motion for summary judgment and granted the motion for summary judgment filed by … the Numoda non-parties. [Appellant's] claims against … the Numoda non-parties were dismissed with prejudice, and judgment was entered in favor of … the Numoda non-parties on their counterclaim….

On May 29, 2024, [Appellant] filed a notice of appeal from the May 28, 2024[,] order. That appeal is currently pending before the Superior Court of Pennsylvania at Docket Number 1473 EDA 2024, naming [Boris], … and the Numoda non-parties as appellees.

*Id.* at 2-4.

## The Instant Proceeding

On June 11, 2024, [Appellant] filed the instant petition to []open the … order distributing marital assets. [Appellant's] claims included: 1) on April 11, 2022, … the Numoda non-parties raised[,] for the first time[,] their objection to the transfer of the 7,745,000 shares in [Numoda Corporation] to [Appellant]; and 2) [the Numoda nonparties] intentionally maintained silence about the [STA].

[Appellant sought] an order 1) declaring that [Boris and] the Numoda non-parties] committed fraud upon the court by suppressing the [STA]; 2) declaring that … the Numoda non-

- 3 -

parties committed fraud upon the court by consenting to [Boris's] transfer of her shares in [Numoda and Numoda Tech] to [Appellant]; and 3) directing [Boris] to compel … the Numoda non-parties to deliver stock certificates for the 7,745,000 shares to [Appellant].

On June 17, 2024, [the] Numoda non-parties submitted a brief in opposition to [Appellant's] petition to []open the divorce decree and order distributing marital assets. … On October 31, 2024, the court held an evidentiary hearing on [Appellant's] petition to []open the divorce decree and order distributing marital assets. … On November 21, 2024, the court entered the order [denying the petition to open the divorce decree and equitable distribution order].

*Id.* at 4-5. Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether [the trial] court retains jurisdiction to decide if fraud upon the court was perpetrated during the distribution of marital assets, pending appeal from [a] commerce court overruling [the] defense of Mary Schaheen's acquiesce[nce] to [the trial] court awarding shares to Appellant?

2. Whether [the trial] court retains jurisdiction to decide if fraud upon the court was perpetrated during distribution of marital assets?

3. Whether [Boris] and [the] Numoda [non-parties] committed extrinsic fraud upon the [trial] court?

Appellant's Brief at 4 (issues reordered). We address Appellant's issues together, as each implicates the jurisdiction of the trial court.

Appellant first argues that the trial court retained jurisdiction over the disposition of marital property, even though the equitable distribution order was final. *Id.* at 29. Appellant asserts, "[t]here is no stay against [the] May

19, 2020, order distributing assets and no appeal pending from this order[;] therefore the [trial] court is authorized to vacate the May 19, 2020, order." *Id.*

In his second issue, Appellant argues that the trial court is the appropriate forum to determine whether Boris and the Numoda non-parties committed a fraud upon the court during the equitable distribution proceedings. *Id.* at 18. Appellant claims that the STA's provisions are superseded by the trial court's equitable distribution order. *Id.* at 19. Appellant asserts that the trial court, which considered the equitable distribution matter in the first instance, is the appropriate forum to determine whether a fraud was committed. *Id.* at 19-20.

In his third issue, Appellant argues that that Boris and the Numoda non-parties committed extrinsic fraud upon the trial court, justifying opening the prior divorce decree and the equitable distribution order. *Id.* at 25.

Our standard of review is well settled. "[A] proceeding to open a divorce decree is equitable in nature, and the appellate court will not reverse an order entered in such a proceeding unless there has been a clear abuse of discretion." *Egan v. Egan*, 759 A.2d 405, 407 (Pa. Super. 2000) (quoting *Foley v. Foley*, 572 A.2d 6, 9 (Pa. Super. 1990)). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable[,] or where the law is not applied or

where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Bingaman v. Bingaman***, 980 A.2d 155, 157 (Pa. Super. 2009).

Pa.R.A.P. 902 requires that a notice of appeal be filed within 30 days of the final order. Pa.R.A.P. 903(a). A trial court may not modify or rescind any order beyond a thirty-day period after its entry. 42 Pa.C.S.A. § 5505.

Section 3332 of the Divorce Code "sets out clear evidentiary requirements which must be met by the parties before the court may exercise its authority to open, vacate, or strike a divorce decree[.]" ***Justice v. Justice***, 612 A.2d 1354, 1358 (Pa. Super. 1992) (citation omitted).

> A motion to open a decree of divorce … may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by *intrinsic fraud* or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after the entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332 (emphasis added). Therefore, a claim of extrinsic fraud must be brought within five years of the final decree. ***Id.*** A claim of intrinsic fraud must be brought within the time period stated in 42 Pa.C.S.A. § 5505 (30 days). ***See*** 23 Pa.C.S.A. § 3332.

This Court has long recognized, the expression extrinsic fraud means

some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise or compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation …. Where the [allegation] relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud is intrinsic and is concluded by the judgment, unless there be a showing that the jurisdiction of the court has been imposed upon, that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial.

*Fenstermaker v. Fenstermaker*, 502 A.2d 185, 188 (Pa. Super. 1985)

(citations omitted).

Instantly, the trial court rejected Appellant's claim of "extrinsic" fraud, concluding that Appellant's petition alleged intrinsic fraud:

[Appellant] asserts that his petition to []open [the] … order distributing marital assets[,] filed on June 11, 2024, was timely … because there was external/collateral concealment by [Boris] and the Numoda non-parties of the existence of the [STA] prior to entry of the May 19, 2020[,] order distributing marital assets….

… The question determined by the [trial court] on May 19, 2020, was the distribution of marital assets. The conduct now challenged by [Appellant] relates to the evidence presented to the court before it issued the May 19, 2020[,] order for distribution of marital assets. This conduct is not extrinsic or collateral to the question determined by the court[;] rather[,] it is directly related to the issue of the distribution of marital assets….

[**Appellant's**] **challenge is based upon intrinsic fraud since it relates to a matter adjudicated by the judgment, which matters include perjury, false testimony, and failure to disclose assets.** [*Bardine v. Bardine*, 194 A.3d 150, 154 (Pa.

- 7 -

2018)]; ***Major v. Major***, 518 A.2d 1267, 1273 (Pa. Super. 1986), ***affirmed and modified on other grounds*** [***by***], 540 A.2d 529 (Pa. 1988).  As such, any claim should have been brought within 30 days of entry of the May 19, 2020[,] order.

Trial Court Opinion, 2/21/25, at 9-12.  The trial court's determination is supported in the record and its legal conclusion is sound.  ***See id.***; ***see also Ratarsky v. Ratarsky***, 557 A.2d 23, 26 (Pa. Super. 1989) (concluding that a claim that a party concealed a marital asset prior to entering into an equitable distribution agreement constitutes intrinsic fraud); ***Major***, 518 A.2d at 1273 ("Although the record clearly demonstrates that appellant did not disclose to the lower court his military pension asset, we cannot say this failure to disclose amounted to extrinsic fraud.").

Because Appellant failed to file a timely petition to open the equitable distribution order, the trial court properly denied relief.  ***See*** 23 Pa.C.S.A. § 3332; 42 Pa.C.S.A. § 5505.  For this reason, we affirm the trial court's order.[1]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2025

---

[1] Based upon our disposition of the timeliness issue, we need not address Appellant's remaining assertions of equitable doctrines to support his substantive claims.